Sabita J. Soneji (State Bar No. 224262)
ssoneji@tzlegal.com
V Chai Oliver Prentice (State Bar No. 309807)
vprentice@tzlegal.com
TYCKO & ZAVAREEI LLP
1970 Broadway, Suite 1070
Oakland, California 94612
Telephone: (510) 254-6808
Facsimile: (202) 973-0950

George V. Granade (State Bar No. 316050)
ggranade@reesellp.com
REESE LLP
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070
Facsimile: (212) 253-4272

Michael R. Reese (State Bar No. 206773)
mreese@reesellp.com
Carlos F. Ramirez (admitted *pro hac vice*)
REESE LLP
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

Hassan A. Zavareei (State Bar No. 181547)
hzavareei@tzlegal.com
Kristen G. Simplicio (State Bar No. 263291)
ksimplicio@tzlegal.com
Mark A. Clifford (admitted *pro hac vice*)
mclifford@tzlegal.com
TYCKO & ZAVAREEI LLP
1828 L Street, Northwest, Suite 1000
Washington, District of Columbia 20036
Telephone: (202) 973-0900
Facsimile: (202) 973-0950

*Counsel for Plaintiff Ronald Chinitz and the Class*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| RONALD CHINITZ, *individually, and on behalf of a class of similarly situated persons*,<br><br>Plaintiff,<br><br>v.<br><br>INTERO REAL ESTATE SERVICES,<br><br>Defendant. | Case No. 5:18-cv-05623-BLF<br><br>**PLAINTIFF RONALD CHINITZ'S MOTION FOR APPROVAL OF CLASS NOTICE PLAN FOR RULE 23(b)(3) NATIONAL DNC CLASS**<br><br>Date: TBD<br>Time TBD<br>Place: Courtroom 3, 5th Floor<br>Judge: Honorable Beth Labson Freeman<br><br>Complaint Filed: September 13, 2018<br>Trial Date: April 5, 2021 |

# TABLE OF CONTENTS

I. INTRODUCTION AND CASE BACKGROUND ........................................................... 1

II. PLAINTIFF'S PROPOSED NOTICE PLAN ................................................................. 2

    A. Summary of Notice Plan ................................................................................... 3

    B. Individual Notice ............................................................................................... 3

        1. Email Notice ......................................................................................... 5

        2. Postcard Notice .................................................................................... 5

        3. Website and Long Form Notice ........................................................ 6

    C. Media Plan ......................................................................................................... 6

    D. The Content of the Notice ............................................................................... 7

III. THE NOTICE PLAN COMPORTS WITH RULE 23 AND DUE PROCESS REQUIREMENTS ............................................................................................................. 8

IV. CONCLUSION ................................................................................................................... 9

## I. INTRODUCTION AND CASE BACKGROUND

On July 22, 2020, this Court issued its Order Granting Plaintiff's Motion for Class Certification (ECF No. 126) and certified two Do-Not-Call ("DNC") classes, defined as follows:

> **National DNC Class:** All persons in the United States who: (a) received more than one call made on behalf of Intero by, or on behalf of, one of Intero's California sales associates; (b) promoting Intero's goods or services; (c) that was placed through the dialing platform provided by Mojo Dialing Solutions, Inc., the calling records for which appear in one of 35 account files, identified in Appendix A; (d) in a 12-month period; (e) on their non-business telephone lines; (f) whose telephone number(s) were on the NDNCR for at least 31 days; (g) at any time since September 13, 2014.

> **Internal DNC Class:** All persons in the United States who: (a) were on an internal list of persons who asked Intero not to call them ("Internal DNC List"), (b) received more than one call made on behalf of Intero by, or on behalf of, one of Intero's California sales associates; (c) promoting Intero's goods or services; (d) in a 12-month period; (e) on their non-business telephone line; (f) at any time since September 14, 2014.

*Id.* at 27. The Court appointed Plaintiff Ronald Chinitz as class representative and the law firms of Tycko & Zavareei LLP and Reese LLP as Class Counsel. *Id.* The Court also ordered Plaintiff to propose a notice plan for the National DNC Class seeking damages under Rule 23(b)(3). *Id.*[1]

Following the Court's certification Order, and to ensure that notice complies with Due Process and Rule 23(c)(2), Plaintiff and Class Counsel solicited bids from three reputable class action

---

[1] The Court certified the Internal DNC Class as a Rule 23(b)(2) class seeking injunctive relief only and did not order Plaintiff to propose a notice plan for that class. *Id.* For Rule 23(b)(2) injunctive relief classes, Rule 23 does not require notice, and "the due process rights of absent class members generally are satisfied by adequate representation alone." *Crawford v. Honig*, 37 F.3d 485, 487 n.2 (9th Cir. 1994).

administrators experienced in developing and implementing notice plans in complex class actions. Plaintiff ultimately retained Epiq Class Action & Claims Solutions, Inc. ("Epic" or "Administrator"), and, with its assistance, developed the proposed notice plan ("Notice Plan") for the Rule 23(b)(3) National DNC Class ("Class"). The proposed Notice Plan is detailed in the Declaration of Cameron Azari ("Azari Decl.") submitted with this motion. Mr. Azari is the Director of Legal Notice for Hilsoft Notifications, Epiq's business unit focused on notice administration, and has over 20 years of experience in the design and implementation of legal notice programs. Azari Decl. ¶¶ 2, 8. Mr. Azari has served as a notice expert and been appointed to design and provide the best notice practicable under the circumstances in dozens of class action cases, including earlier this year in *Coffeng v. Volkswagen Group of America, Inc.*, No. 17-cv-01825-JF (N.D. Cal. June 10, 2020). *Id.* at ¶¶ 5-7. The proposed Notice Plan is based on Mr. Azari's experience designing notice plans for over 100 other cases and is crafted to provide the best notice practicable under the circumstances of this case.

## II. PLAINTIFF'S PROPOSED NOTICE PLAN

Federal Rule of Civil Procedure 23(c)(2)(B) provides that "[f]or any class certified under Rule 23(b)(3) . . . the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *Id.*; *see also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985). Notice of the pendency of the Rule 23(b)(3) class action may be made by "United States mail, electronic means, or other appropriate means." FED. R. CIV. P. 23(c)(2)(B). The Federal Judicial Center has concluded that a notice plan that reaches at least 70% of the class is reasonable. FED. JUD. CTR., *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide* at 3 (2010). The class must be notified in a manner that "does not systematically leave any group without notice." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 624 (9th Cir. 1982).

In accordance with these standards, Plaintiff now seeks the Court's approval of the proposed Notice Plan proposed to disseminate notice to the National DNC Class.

### A.     Summary of Notice Plan

In consultation with Epiq, a leading class action notice and administration firm, and its Hilsoft business division, Plaintiff has designed the Notice Plan to communicate Class Members' rights plainly, succinctly, and cost-effectively. Azari Decl. ¶¶ 1-4, 9-14 & Attachments 2-4. The notice provided through the Notice Plan will apprise the Class of the pendency of this case; the Court's certification of the Class; and Class Members' rights to either remain in, or opt out of, the Class. *Id.*

The Notice Plan has three components: (1) Individual Notice via email or USPS first class mail; (2) a Media Plan, including Internet and social media banner advertising, paid search result advertising, a national informational press release, and a banner on websites controlled and operated by Defendant; and (3) a case website and toll-free information line. *Id.* at ¶¶ 12-13. Mr. Chinitz is prepared to bear the cost of this Notice for now and seek reimbursement from Intero later if he prevails in this litigation. *See Eisen v. Carlisle & Jacqueline*, 417 U.S. 156, 178 (1974).

In addition to administering Notice, the Administrator will also be responsible for handling opt-outs and other Class Member communications, and Class Counsel will oversee the Administrator. At the end of the opt-out period, the Administrator will prepare a declaration for submission to the Court that details the number of Class Member opt-outs and identifies them.

### B.     Individual Notice

Individual Notice will be provided to Class Members according to a three-pronged plan: (1) Email Notice for each Class Member for whom an email address is available, including after running a reverse lookup process using available telephone-number data for Class Members; (2) Postcard Notice for each Class Member for whom the Email Notice is returned or bounces back as undeliverable, and for each Class Member for whom Plaintiff cannot identify an email address; and (3) a Long Form Notice with more detail than the Email Notice or Postcard Notice, which will be available on the Internet, and which Class Members can request be mailed to them. Exemplars of the Email Notice, Postcard Notice, and Long Form Notice are attached hereto as Attachments 2-4 to the Azari

1  Declaration. The Administrator will also maintain a website with an easy-to-remember domain name,
2  a Post Office box for correspondence about the case, and a toll-free telephone number allowing Class
3  Members to call for additional information. Azari Decl. ¶¶ 18-20.

4        The Notice Plan for Individual Notice is designed to provide targeted, efficient, and streamlined
5  notice by taking advantage of the information that the parties possess about Class Members—chiefly,
6  the approximately 69,000 telephone numbers that were called by Intero agents more than once in a 12-
7  month period despite being registered on the National Do Not Call Registry ("NDNCR") for more
8  than 31 days prior to the calls. *Id.* at ¶ 10. Earlier in this litigation, Plaintiff subpoenaed and obtained
9  call list and call log data from third-party Mojo Dialing Solutions, LLC ("Mojo"), for accounts
10  associated with agents of Intero Real Estate Services ("Mojo data"). Expert analysis of the Mojo call
11  log data—specifically, the call log data for the account files listed in Appendix A of the Court's Order
12  Granting Plaintiff's Motion for Class Certification, ECF No. 126—revealed that approximately 69,000
13  unique, non-business telephone numbers were called by or on behalf of Intero or one of its California
14  sales associates, despite being registered on the NDNCR. *See* ECF No. 126 at 12-13 (discussing
15  Plaintiff's identification of 68,918 residential telephone numbers in the Class). In addition, other Mojo
16  data in the parties' possession further indicate possible names and physical addresses for approximately
17  half of the 69,000 telephone numbers in the Class List, and email addresses associated with
18  approximately 10,000 of the numbers. Azari Decl. ¶ 11. These available data will be provided to the
19  Administrator. *Id.*

20        Plaintiff and the Administrator will utilize the telephone numbers in the Class List to provide
21  direct notice to Class Members. More specifically, the Administrator will run reverse lookups on the
22  phone numbers in the Class List to identify email and physical mailing addresses for the Class Members.
23  *Id.* at ¶ 15. The Administrator will utilize auxiliary address data in the Mojo records only to the extent
24  they are useful in the reverse lookup searches. *Id.* In other words, in providing direct notice, Plaintiff
25  will not rely solely on any address or email address information in the Mojo data. *Id.*

### 1. Email Notice

The Administrator will send the Email Notice to each Class Member for whom the Administrator is able to identify an email address via a reverse lookup process. Azari Decl. ¶¶ 16, 19. The Administrator will also send Email Notice to email addresses available in the Mojo data in the parties' possession that are associated with telephone numbers in the Class List. *Id.* Each Email Notice will be transmitted with a unique message identifier. *Id.* at ¶ 20. If the receiving email server cannot deliver the message, a "bounce code" will be returned along with the unique message identifier. *Id.* For any Email Notice for which a bounce code is received indicating that the message was undeliverable, at least two additional attempts will be made to deliver the Notice by email. *Id.*

### 2. Postcard Notice

For each Class Member for whom an attempted Email Notice is returned or bounces back as undeliverable, and for each Class Member for whom the Administrator is unable to identify an email address through a reverse lookup process, the Administrator will send, via first class mail postcard, a Postcard Notice to the physical mailing address identified through the reverse lookup process. Azari Decl. ¶ 21.[2] Before mailing the postcards, the Administrator will verify and update the mailing addresses received through the U.S. Postal Service's National Change of Address database to maximize address accuracy. *Id.* at ¶ 22. The Administrator will also certify the addresses through the Coding Accuracy Support System and verify them through Delivery Point Validation. *Id.* Next, the Administrator will perform reasonable address traces for all postcards returned as undeliverable and will promptly re-mail Postcard Notices to Class Members whose original mailed postcards were returned as undeliverable and whose new addresses were identified as of that time through address traces. *Id.* at ¶ 23.

---

[2] Unless Email Notice is successfully sent to an email address identified through the reverse lookup process, a Postcard Notice will be provided *in addition to* any Email Notice sent to an email address identified solely through the Mojo data. *Id.* at ¶¶ 15-17, 21.

### 3. Website and Long Form Notice

The Postcard Notice and Email Notice will advise Class Members that they can obtain more detailed information about the case online at a dedicated website with an easy-to-remember domain name. Azari Decl. ¶¶ 18, 20-21. This website will feature a detailed Long Form Notice that Class Members can review and print. *Id.* at ¶ 25. The Long Form Notice will provide more detailed information about the class certification and Class Members' options. Class Members can also call the Administrator at a number provided in the Email and Postcard Notices or write to the Administrator to request that a Long Form Notice be mailed to them. *Id.* at ¶¶ 25, 34-35.

In addition to hosting the Long Form Notice and important case documents, the case website will also provide an inquiry form that allows a potential Class Member to (1) enter his telephone number(s) to see if it appears in the Class List, and (2) find out how many calls to that telephone number (if any) are within the scope of the Class. *Id.* at ¶ 33.

### C. Media Plan

In addition to Individual Notice, Plaintiff also proposes to provide broader reach via a Media Plan. The Media Plan proposed here encompasses notice via online banner advertising, sponsored search listings, a national informational press release, and a banner on Intero's website. Each method within the Media Plan will link to the case website, where interested individuals can review the Long Form Notice and other case materials as well as input their telephone numbers into an inquiry form to learn if they are Class Members. Azari Decl. ¶¶ 28-33.

Like the plan for Individual Notice, the Media Plan is tailored to the facts of this case to facilitate notice to Class Members. For example, some Class Members were targets for telemarketing calls promoting Intero's home buying or selling services because they had previously listed homes for sale. *See, e.g.*, Pl.'s Notice Mot. & Mot. for Class Certification § III(B) at 4, ECF No. 70. Accordingly, banner ads will be placed not only on general Internet and social media sites like Google and Facebook, but also on targeted residential real estate websites like Zillow and Realtor.com. Azari Decl. ¶ 28 & n.6.

Mock-ups of Plaintiff's proposed banner ads are attached as **Attachment 5** to the Azari Declaration.

In addition, Plaintiff proposes that a banner advertisement or text link be placed on Intero's website (https://www.intero.com) or social media pages (*e.g.*, Facebook and Yelp pages that Intero controls) to further notify potential Class Members of the action and link to the case website. *See Hilsley v. Ocean Spray Cranberries, Inc.*, No. 17-cv-2335-GPC-MDD, 2019 WL 718807, at *3 (S.D. Cal. Feb. 5, 2019) ("[C]lass notice via a defendant's website is akin to publishing notice in a national newspaper and therefore complies with Rule 23(c).").

### D. The Content of the Notice

The Email, Postcard, and Long Form Notices will each include basic information regarding the litigation, including, among other information, a description of the litigation and its pendency and a description of Class Members' rights and options. More specifically, each Notice will conspicuously notify the Class members of the following:

a) A class has been certified, and they are members;
b) They may choose to stay in the Class or to opt out of the Class, and how to opt out of the Class if they so choose; and
c) Tycko & Zavareei LLP and Reese LLP have been appointed Class Counsel;
d) Where to find more information about the lawsuit, including how to check how many calls from Intero to their phone numbers are included in this class litigation.

Each Notice will also provide a link to the case website, *see supra* § A(3), as well as information about how to call or write to the Administrator. Azari Decl. ¶ 18 & Attachments 2-4.

In addition, the proposed Long Form Notice will include additional information. It will describe what the case is about in further detail; the current status of the case; the relief Plaintiff is asking for; and Intero's position. It will also provide details about Class Members' rights and options, and about what will happen if the case goes to trial. *Id.*

### III. THE NOTICE PLAN COMPORTS WITH RULE 23 AND DUE PROCESS REQUIREMENTS.

In *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950), the United States Supreme Court described the due process standard for notice as "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 314. The proposed Notice Plan is comprehensive and more than satisfies this standard, as it provides for Email or Postcard Notice to be provided directly to the vast majority of Class Members. Rule 23 requires that notice be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." FED. R. CIV. P. 23(c)(2)(B). "[N]otice need not be perfect, but need be only the best notice practicable under the circumstances, and each and every class member need not receive actual notice, so long as class counsel acted reasonably in choosing the means likely to inform potential class members." *In re Merrill Lynch Tyco Research Sec. Litig.*, 249 F.R.D. 124, 133 (S.D.N.Y. 2008) (citing *Weigner v. City of New York*, 852 F.2d 646, 649 (2d Cir. 1988)); *accord Destefano v. Zynga, Inc.*, No. 12-CV-04007-JSC, 2016 WL 537946, at *7 (N.D. Cal. Feb. 11, 2016) ("The manner of notice need not be perfect." (citing *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 947 (9th Cir. 2015))).

The proposed Notice Plan satisfies these criteria. As discussed above, the Notices will inform Class Members of (a) the pendency of the action, (b) that the Court has certified a Class, and (c) Class Members' rights to remain in, or opt-out, of the Class. Moreover, the Notice Plan was designed and is being implemented by Epiq, a leading notice firm. *See* Azari Decl. ¶¶ 5-8 & Attachment 1.

At least 70% of Class Members will receive individual notice emailed or mailed directly to them, and additional reach will be achieved through the Media Plan. *Id.* at ¶ 24. As discussed above, the Notice Plan involves Email Notice to Class Members for whom the Administrator is able to identify an email address through reverse lookup searches of telephone numbers. If Email Notice cannot be successfully delivered to a Class Member or if no valid email address can be identified via reverse lookup, the

Administrator will send, via first class mail, a postcard notice to Class Members using updated mailing address information. In addition to the email and postcard notice to addresses identified via reverse lookups, the Administrator will also send Email Notices to email addresses in the Mojo data that are associated with telephone numbers on the Class List. Moreover, the Notice Plan provides for broad but targeted notice via the Media Plan. The Notice Plan is the best notice practicable under the circumstances. Azari Decl. ¶¶ 23-27.

Courts regularly approve such a process. *See, e.g.*, *Lloyd v. Navy Fed. Credit Union*, No. 17-CV-1280-BAS-RBB, 2019 WL 2269958, at *3 (S.D. Cal. May 28, 2019) (approving notice via email and mail to extent email is unavailable or undeliverable); *Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 332 (C.D. Cal. 2016) (same); *Noll v. eBay, Inc.*, 309 F.R.D. 593, 605 (N.D. Cal. 2015) (same); *Morey v. Louis Vuitton N. Am., Inc.*, No. 11CV1517 WQH BLM, 2014 WL 109194, at *3 (S.D. Cal. Jan. 9, 2014) (same). These actions will ensure that the vast majority of Class Members will receive direct, individual notice.

The Notices will provide Class Members with information about the Class, the opt-out procedures and deadlines, and the Class Members' rights and options. In addition, they will provide telephone numbers for Class Members to contact the Administrator and Class Counsel. The Notices clearly explain that any member of the Class who wishes to opt out of the Class must timely submit written notice clearly manifesting his or her intent to be excluded from the Class to the designated Post Office box established for such purpose. The Notices thus clearly present all required categories of information in plain English. *See Officers for Justice*, 688 F.2d at 624; FED. R. CIV. P. 23(c)(2)(B). Class Members will also be provided with at least 90 days from the date of the Court's order (60 days from the deadline to send the Notices) to submit requests to opt out.

## IV.   CONCLUSION

For all these reasons, Plaintiff respectfully requests that the Court grant this motion and enter an Order:

1.   Approving the proposed Email, Postcard, and Long Form Notices;

2. Approving Epiq Class Action & Claims Solutions, Inc., to act as Administrator for purposes of sending the notices, collecting opt-outs, managing the informational website, and reporting to the Court on these activities;

3. Ordering Intero to place banner ads or text links that link to the case website on Intero's website (https://www.intero.com) and social media sites;

4. Establishing a deadline of 30 days from the date of the Order within which the Administrator shall send the Email and Postcard Notices;

5. Establishing a deadline of 88 days from the date of the Order (*i.e.*, 60 days from the deadline for sending notice) by which members of the Class must mail opt out requests to the Administrator; and

6. Establishing a deadline of 104 days from the date of the Order (*i.e.*, 14 days after the deadline for the mailing of opt out requests) for the Administrator to submit to the Court a report of the opt outs.

Date: August 21, 2020

Respectfully submitted,

_/s/ Sabita J. Soneji_
Sabita J. Soneji (State Bar No. 224262)
ssoneji@tzlegal.com
V Chai Oliver Prentice (State Bar No. 309807)
vprentice@tzlegal.com
TYCKO & ZAVAREEI LLP
1970 Broadway, Suite 1070
Oakland, California 94612
Telephone: (510) 254-6808
Facsimile: (202) 973-0950

Hassan A. Zavareei (State Bar No. 181547)
hzavareei@tzlegal.com
Kristen G. Simplicio (State Bar No. 263291)
ksimplicio@tzlegal.com
Mark A. Clifford (admitted *pro hac vice*)
mclifford@tzlegal.com
TYCKO & ZAVAREEI LLP
1828 L Street, Northwest, Suite 1000
Washington, District of Columbia 20036
Telephone: (202) 973-0900
Facsimile: (202) 973-0950

George V. Granade (State Bar No. 316050)
ggranade@reesellp.com
REESE LLP
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070
Facsimile: (212) 253-4272

Michael R. Reese (State Bar No. 206773)
mreese@reesellp.com
Carlos F. Ramirez (admitted *pro hac vice*)
REESE LLP
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

*Attorneys for Plaintiff and the Class*