| | |
|---|---|
| Sabita J. Soneji (State Bar No. 224262)<br>ssoneji@tzlegal.com<br>**TYCKO & ZAVAREEI LLP**<br>1970 Broadway, Suite 1070<br>Oakland, California 94612<br>Telephone: (510) 254-6808<br><br>Hassan A. Zavareei (State Bar No. 181547)<br>hzavareei@tzlegal.com<br>Kristen G. Simplicio (State Bar No. 263291)<br>ksimplicio@tzlegal.com<br>Mark Clifford (*pro hac vice*)<br>mclifford@tzlegal.com<br>**TYCKO & ZAVAREEI LLP**<br>1828 L Street, Northwest, Suite 1000<br>Washington, District of Columbia 20036<br>Telephone: (202) 973-0900 | George V. Granade (State Bar No. 316050)<br>ggranade@reesellp.com<br>**REESE LLP**<br>8484 Wilshire Boulevard, Suite 515<br>Los Angeles, California 90211<br>Telephone: (310) 393-0070<br><br>Michael R. Reese (State Bar No. 206773)<br>mreese@reesellp.com<br>**REESE LLP**<br>100 West 93rd Street, 16th Floor<br>New York, New York 10025<br>Telephone: (212) 643-0500 |

*Counsel for Plaintiff Ronald Chinitz and the Classes*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| RONALD CHINITZ, *individually, and on behalf of a class of similarly situated persons*,<br><br>Plaintiff,<br><br>v.<br><br>INTERO REAL ESTATE SERVICES,<br><br>Defendant. | Case No. 5:18-cv-05623-BLF<br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO AMEND SCHEDULING ORDER, AMEND COMPLAINT, AND SUBSTITUTE CLASS REPRESENTATIVE**<br><br>Date: Requested, Not Set<br>Time: Requested, Not Set<br>Place: Courtroom 3, 5th Floor<br>Judge: Honorable Beth Labson Freeman |

I.     INTRODUCTION

Class Counsel bring this Motion to Amend Scheduling Order, Amend Complaint, and Substitute Class Representative on behalf of and to protect the Certified Classes of California residents ("Plaintiffs") who received unlawful telemarketing calls from real estate agents affiliated with Defendant Intero Real Estate Services ("Intero"). On Friday, March 19, 2021, Class Counsel received a copy of a letter sent from Intero's Chief Executive Officer, Brian Crane, to Class Representative Ronald Chinitz. That letter revealed that Mr. Chinitz—unbeknownst to Class Counsel—had telephoned both Mr. Crane and Intero's General Counsel, Christopher Moles, in an attempt to negotiate a settlement directly with Intero without involving counsel for either party. Although Mr. Chinitz was aware of his fiduciary duty to the Certified Classes, and that any settlement negotiations had to be conducted by Class Counsel to protect the interests of the Certified Classes, Mr. Chinitz attempted to resolve this case on his own, thereby jeopardizing ongoing negotiations between Class Counsel and Intero's counsel. Mr. Chinitz demonstrated through his unilateral actions that he is no longer fit to fulfill his duties to the Classes.

Accordingly, Plaintiffs respectfully ask this Court to grant leave to amend to allow for the substitution of a new class representative or representatives who will fulfill their fiduciary duty to the class. Specifically, Plaintiffs are seeking an order that allows Class Counsel seven days to retain new class representatives, provides Intero the opportunity to depose that new representative(s) within another 30 days, then sets a briefing schedule on the adequacy of the new class representative(s). Class Counsel propose a five-page brief for Class Counsel, followed by a five-page response by Intero, and a two-page reply by Class Counsel.

This process would not prejudice Intero—the claims of the new representative(s) will be identical to those of Mr. Chinitz—and is necessary to protect the rights of absent class members and promote the interest of judicial economy. Further, the process would not hinder the current case schedule, as trial is not set until November of 2021.

Class Counsel are mindful that the Court is hearing argument on competing motions for summary judgment two days from now, on March 25, 2021. While Class Counsel do not believe the substitution of the class representative will have an impact on those motions and are prepared to

1   proceed, they have no objection to continuing that hearing if the Court deems it appropriate.

2   **II.      LEGAL STANDARD**

3   Because Plaintiffs seek to file an amended complaint after the deadline in the pretrial
4   scheduling order, Plaintiffs must satisfy Rule 16(b) of the Federal Rules of Civil Procedure. *Coleman v.*
5   *Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Pursuant to Rule 16, a pretrial scheduling order
6   "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).
7   "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the
8   amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

9   If Plaintiffs show good cause to modify the scheduling order, the Court then evaluates whether
10  to allow the proposed amendment in light of the factors relevant to Rule 15(a). *Id.* at 608. Fed. R. Civ.
11  P. 15(a)(2) provides that leave to amend should be granted freely "when justice so requires." This rule
12  "should be applied with 'extreme liberality'" in order "to facilitate decisions on the merits, rather than
13  on the pleadings or technicalities." *Bitton v. Truderma, LLC,* 774 F. App'x 404, 405 (9th Cir. 2019)
14  (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)) (internal quotation marks omitted).
15  When deciding whether to grant leave to amend, courts look for undue delay, bad faith, futility of
16  amendment, and prejudice to the opposing party. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186
17  (9th Cir. 1987). Not all of these factors carry equal weight, however. "[P]rejudice to the opposing party
18  . . . carries the greatest weight" and is "the touchstone inquiry under rule 15(a)." *Eminence Cap., LLC*
19  *v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (internal quotation and citation omitted). "[D]elay,
20  by itself, is insufficient to justify denial of leave to amend." *DCD Programs*, 833 F.2d at 186.

21  Additionally, Rule 21 provides that "[o]n motion or on its own, the court may at any time, on
22  just terms, add or drop a party." Fed. R. Civ. P. 21. "[T]he same standard of liberality applies under
23  either Rule [21 and 15(a)]." *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 96-97 (S.D.N.Y. 2010).

24  Because two classes have been certified here, the Classes have "a legal status separate from
25  that of the named plaintiffs." *Nilon v. Nat.-Immunogenics Corp.,* No. 3:12-CV-00930-LAB BG, 2014 WL
26  4197555, at *4–5 (S.D. Cal. Aug. 22, 2014). Under these circumstances, if the named class
27  representative cannot continue to represent the classes, the appropriate remedy is to allow a reasonable
28  time for Class Counsel to find substitute class representatives. *Sloan v. Gen. Motors LLC*, No. 16-CV-

07244-EMC, 2020 WL 5517244, at *9 (N.D. Cal. Sept. 14, 2020) (granting leave to add new class representatives after class certification because, "absent intervention, the unnamed California Class members' interests would be significantly prejudiced").

## III.   ARGUMENT

### A.   Good Cause Exists for Granting Leave to Substitute a New Class Representative.

Plaintiff Ronald Chinitz filed this case on September 13, 2018, on behalf of himself and a class of consumers who received unwanted telemarketing calls made by or on behalf of Intero in violation of the Telephone Consumer Protection Act ("TCPA"). *See* Compl., ECF No. 1. In doing so, Mr. Chinitz took on the significant responsibility of representing the interests of tens of thousands of California consumers who comprised the proposed Classes.

Class Counsel were cognizant that the role Mr. Chinitz sought, representing a class of tens of thousands of individuals in federal court, was an important one. Class Counsel were therefore diligent in vetting Mr. Chinitz as a class representative. *See* Declaration of Hassan A. Zavareei ("Zavareei Decl.") ¶ 5. Mr. Chinitz is bright, educated, and familiar with the issues at play in TCPA cases and his expected role and responsibilities as a class representative. *Id.* Class Counsel spoke with Mr. Chinitz numerous times over the phone and communicated frequently via email when vetting Mr. Chinitz and throughout the litigation of this case to date. *Id.*

Mr. Chinitz understood that his role as a class representative required him to put the interests of the class ahead of his own. *Id.* ¶ 6. He also understood that he was to actively participate in the litigation of this case and was not to communicate directly with Intero. *Id.* And Mr. Chinitz appeared to fulfill his responsibilities as a class representative for much of this litigation. *Id.* ¶ 7. Yet recent events have demonstrated Mr. Chinitz is no longer willing to heed the direction of Class Counsel; instead, he has sought to place his own personal interests above those of the certified Classes.

Mr. Chinitz was aware that this Court certified two Classes and that he and Class Counsel have a duty to represent the interests of the Classes, yet Mr. Chinitz recently reached out to Intero directly in an attempt to settle this litigation without involving counsel. Specifically, Mr. Chinitz placed a phone call to Intero's General Counsel, Christopher Moles, on March 17, 2021, and placed another phone

call to Intero's Chief Executive Officer, Brian Crane, on March 18, 2021. *Id.* ¶ 8. Neither Mr. Chinitz nor Intero informed Class Counsel of such communications. *Id.* Indeed, Class Counsel only learned of these calls on March 19, 2021, when Mr. Crane sent a letter to Mr. Chinitz purporting to make an offer to resolve the claims of the Certified Classes, with Class Counsel and Intero's counsel copied on the letter. *Id.* ¶ 9, Ex. A. Mr. Crane's letter made clear that Mr. Chinitz expressed a "desire to communicate directly with Intero to try and reach a settlement." *Id.* ¶ 8.

Although Mr. Crane claimed to send the letter "[s]ubject to Rule 408 of the Federal Rules of Evidence," Class Counsel did not agree to keep the letter confidential, and Intero has no reasonable expectation that it would remain confidential. Indeed, Class Counsel was not even aware of the negotiations that Intero had undertaken with Mr. Chinitz. In addition, Rule 408 is a rule of evidence, and does not preclude Class Counsel from sharing communications with the Court for purposes other than trial. *Phoenix Sols. Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 584 (N.D. Cal. 2008) ("[Rule 408's] prohibition on using compromise negotiations is therefore limited and the rule does not bar the admission of such negotiations for other permissible purposes.").

Mr. Chinitz's self-serving actions disqualify him from serving as a representative of the Certified Classes. It is well established that Mr. Chinitz, as class representative, owes a fiduciary duty to the Classes. *Koby v. ARS Nat'l Servs., Inc.*, 846 F.3d 1071, 1079 (9th Cir. 2017) (acknowledging the fiduciary obligations named plaintiffs owe to the absent class members); *Roe v. Jose Torres L.D. Latin Club Bar, Inc.*, No. 19-cv-06088-LB, 2020 WL 5074392, at *5 (N.D. Cal. Aug. 27, 2020) (stating that the court must determine whether a proposed settlement is "consistent with the named plaintiffs' fiduciary obligations to the class"). Given Mr. Chinitz's fiduciary duty to the absent members of the Certified Classes, it was inappropriate for him to take any action that could prejudice negotiations in this case. Unfortunately, that is precisely what happened. Prior to Mr. Chinitz's negotiation with Intero, Class Counsel and counsel for Intero were engaged in discussions about mediation. Zavareei Decl. ¶ 10. Since Class Counsel were notified of Intero's settlement offer, those discussions have been compromised. *Id.* ¶ 11.

Moreover, the settlement offer that Mr. Chinitz solicited is wholly inadequate with respect to the absent members of the Certified Classes. The settlement offer provides that Intero would pay a

mere $25 to each of the approximately 68,918 members of the Certified National Do Not Call Registry Class, when the statutory penalty for TCPA violations is $500 per violation and courts have the discretion to award treble damages ($1,500 per violation) for willing or knowing violations—as Plaintiffs have alleged here. In addition, the settlement offer provides vague promises of "negotiated enhancements to its existing policies, procedures and training" relating to TCPA compliance, when the Certified Classes seek a permanent injunction prohibiting Intero's future TCPA violations. Mr. Chinitz and Intero have facilitated a reverse auction, wherein the Certified Classes' claims can be sold off for pennies on the dollar. By negotiating directly with Intero, Mr. Chinitz has placed his own interest in an early resolution ahead of his obligation to secure the best relief possible for the Classes.

Under Rule 23, the court determines whether the class representatives will adequately represent a class by resolving two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011) (internal citations and quotation marks omitted). "Adequate representation depends on, among other factors, an absence of antagonism between representatives and absentees, and a sharing of interest between representatives and absentees." *Id.*

Mr. Chinitz's initiation of a reverse auction settlement offer demonstrates that he is no longer willing or able to represent the interests of the Certified Classes. Courts in this District have stated that "it is self-evident that a Court must be concerned with the integrity of individuals it designates as representatives for a large class of plaintiffs." *Del Campo v. Am. Corrective Counseling Servs., Inc.*, No. C 01-21151 HW (PVT), 2008 WL 2038047, at *4 (N.D. Cal. May 12, 2008) (quoting *In re Computer Memories Sec. Litig.*, 111 F.R.D. 675, 682 (N.D. Cal. 1986)). A named plaintiff's missteps in litigation raise grave concerns about the named plaintiff's credibility and, as a result, jeopardize the interests of absent class members. *See, e.g., Glen Ridge SurgiCenter, LLC v. Horizon Blue Cross and Blue Shield of N.J.*, No. 08-6160 (JLL), 2011 WL 5881924, at *2, *7 (D.N.J. Sept. 16, 2011) (finding that the class had demonstrated good cause to amend the complaint and substitute the class representative when that entity negotiated a settlement without class counsel's involvement); *Acosta v. Frito-Lay, Inc.*, No. 15-cv-02128-JSC, 2018 WL 646691, at *11 (N.D. Cal. Jan. 31, 2018) (concluding that a class representative

failed to vigorously prosecute the action on behalf of the class when he executed a severance agreement with the defendants); *Wilson v. Conair Corp.*, No. 1:14-00894 WBS SAB, 2016 WL 7742772, at * (E.D. Cal. June 3, 2016) (concluding that a plaintiff's credibility regarding preservation of evidence had the potential to jeopardize the interests of absent class members).

Further, practical considerations strongly militate in favor of substitution of Mr. Chinitz as class representative. The Southern District of California confronted a similar issue in *Nilon v. Natural-Immunogenics Corp.*, and declined to "kill th[e] case" after denying a motion to dismiss and certifying the class. No. 3:12-CV-00930-LAB (BGS), 2014 WL 4197555, at *5 (S.D. Cal. Aug. 22, 2014). There, the court concluded that the action was "a live case that deserves to see a substantive end" and granted the plaintiffs' motion to substitute the class representative. *Id.* The court in *Aguilar v. Boulder Brands, Inc.*, came to the same conclusion, holding that "permitting a substitution at this point in time preserves scarce judicial resources, allows resolution of the case on the merits, and does no real violence to the case or controversy requirement." No. 3:12-cv-01862-BTM-BGS, 2014 WL 4352169, at *8 (S.D. Cal. Sept. 2, 2014).

The same is true in this case. Permitting substitution prevents the re-filing and re-litigation of this case and allows both parties the opportunity for a final resolution on the merits. A real controversy still exists between Intero and the Certified Classes upon which the complaint in this case rests. Because all of the parties have allocated significant time and money to litigating this matter, this Court should grant leave to amend the pleadings and substitute an individual better suited to the role, so that binding, class-wide determinations can finally be made in this litigation. In short, it would be inefficient and wasteful for either party to discard the significant amount of work already performed in this case, only to repeat that work again.

Accordingly, this Court should grant leave to amend in order to substitute a new class representative on the basis of good cause shown. Such a substitution is both allowed and necessary for the protection of absent class members. *See, e.g., Hernandez v. Balakian*, 251 F.R.D. 488, 491 (E.D. Cal. 2008) (granting leave to amend and substitute a new class representative when the named plaintiff was arrested on multiple felony charges); *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1023 n.6 (9th Cir. 2003) ("[O]ur law in an appropriate case would permit substituting proper class

representatives to allow the suit to proceed."); *Ford v. U.S. Steel Corp.*, 638 F.2d 753, 761 (5th Cir. 1981) (vacating decertification of class due to district court's concerns over class representative and holding that "[I]f a 'live' controversy exists, the district court has the responsibility of determining who is an appropriate representative."); *Birmingham Steel Corp. v. Tennessee Valley Auth.*, 353 F.3d 1331, 1342 (11th Cir. 2003) ("As discovery had been completed, numerous pretrial motions had been resolved, and the case was ready for trial, we conclude that, as in *Lynch,* the efficient administration of justice and the interests of the class were not served when the district court decertified the class without first giving class members an opportunity to intervene as the class representative.").

### B. Substitution of a New Class Representative Will Further the Interests of Justice and Will Not Prejudice Intero.

Intero will not be significantly prejudiced as the new class representative(s) will have exactly the same legal claims under exactly the same legal theories as Mr. Chinitz. Indeed, up to and even including the parties' motions for summary judgment, the motion practice in this case has almost exclusively focused on the ability of *the class* to prove Intero's liability. The substitution of a new class representative(s) will not change any of the briefing for, or the decisions of, motions previously filed. *See McConnell v. Red Robin Int'l, Inc.*, No. C 11-03026 WHA, 2012 WL 1357616, at *3 (N.D. Cal. Apr. 17, 2012) ("It is not clear . . . how the addition of [a new class representative] absent any additional claims, will so alter defendant's preparation for this case as to result in undue prejudice."); *James ex rel. James Ambrose Johnson, Jr., 1999 Trust v. UMG Recordings, Inc.*, No. C 11-1613 SI, 2012 WL 4859069, at *2 (N.D. Cal. Oct. 11, 2012) ("the nature of the litigation and the course of defense will not be substantially altered, and [defendant] will not suffer substantial prejudice" with the addition of new plaintiffs). While the new class representative(s) will need to be deposed about the specifics of their unwanted calls, all other deposition testimony, documentary evidence, and expert analysis will remain relevant to the case.

Plaintiffs' proposed substitution is a far more efficient outcome than burdening the parties and the court system with entirely new litigation on the same topic, which would require the parties to "start the case all over again and negate work that's already been done[.]" *Nilon v. Nat.-Immunogenics Corp.*, No. 3:12-CV-00930-LAB BG, 2014 WL 4197555, at *3 (S.D. Cal. Aug. 22, 2014) (granting

motion to substitute after the court "denied a motion to dismiss and certified a class," because "this is a live case that deserves to see a substantive end")

The crux of the case is still whether Intero is vicariously liable for the unlawful telemarketing calls made by its Corporate Agents. That will not change. And Plaintiffs are certainly not bringing this Motion to "gain a tactical advantage." *Id.* Plaintiffs bring this Motion in an effort to save both this Court and the Parties the unnecessary time and expense of litigating from scratch with new class representatives.

The other Rule 15(a)(2) factors are also easily met. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"). Substitution will not cause undue delay. The trial date in this case is set for November 15, 2021, such that Plaintiffs' request will have no effect on the overall litigation schedule. Additionally, the amendment would not be futile. The Certified Classes represent tens of thousands of class members. Class Counsel is confident that they will be able to find a suitable substitute class representative with all due expediency and, indeed, already have two potential class representatives lined up. Zavareei Decl. ¶ 13. Finally, Plaintiffs bring this Motion in good faith, in an effort to protect the interests of the Certified Classes.

The present situation is akin to *In re: Facebook Privacy Litig.*, No. 10-CV-02389-RMW, 2015 WL 2453734 (N.D. Cal. May 22, 2015), where the Court allowed an untimely amendment to the Complaint to add a new class representative:

> The Court finds that three *Foman* factors weigh in favor of granting plaintiff leave to file a TAC. Although plaintiff's motion for leave to file a TAC adding Marfeo as a new class representative is untimely, there is no evidence that plaintiff's delay in seeking to add Marfeo is the result of bad faith or dilatory motive. The court recognizes that granting the motion will impose the burden of further discovery on Facebook, but the court is not convinced that the limited additional discovery outlined herein will result in unfair prejudice. Finally, amendment does not appear that it will be futile. Accordingly, the court in its discretion GRANTS plaintiff's motion to file a TAC adding Marfeo as a new class representative.

*Id.* at *6. The discovery in *Facebook* was "limited" because, as here, "any additional discovery by the parties in this case will be limited to [the substitute class representative] . . . . Class certification fact

1   discovery is otherwise closed and will remain closed." *Id.* at *5.

2   Here there is similarly no prejudice on the law and only limited additional discovery that will
3   be necessary. And while Class Counsel regret having to move to amend this late in the case, there is
4   certainly no dilatory motive or bad faith—Plaintiffs moved to substitute Mr. Chinitz as soon as it
5   became necessary to protect the rights of the Certified Classes. *See, e.g., Woods v. Vector Mktg. Corp.*,
6   No. C-14-0264 EMC, 2015 WL 10607576, at *2 (N.D. Cal. June 5, 2015) (no undue delay where
7   "Plaintiffs sought leave to substitute a new named plaintiff shortly after this Court dismissed the
8   former representative on statutes of limitations grounds.").

9   The *Foman* factors overwhelmingly support allowing Plaintiffs to amend so this case can be
10  decided on the merits. Here, none of the Plaintiffs' requested changes would need to alter the current
11  scheduled trial date in November of 2021. Plaintiffs seek only seven days to find a replacement
12  representative(s). After that, Plaintiffs would immediately make the new putative representative(s)
13  available for deposition. Then, under the Plaintiffs' proposed relief, the parties would each file short
14  briefs on the adequacy of the new representatives. *See, Hernandez v. Balakian*, 251 F.R.D. 488, 491 (E.D.
15  Cal. 2008) ("Plaintiff has already had 30 days to locate a new class representative. Plaintiff shall have
16  an additional thirty (30) days or until April 17, 2008 to amend to substitute a
17  suitable class representative."); *Zyda v. Four Seasons Hotels & Resorts Four Seasons Holdings Inc.*, No. CV
18  16-00591 LEK, 2018 WL 1528159, at *10 (D. Haw. Mar. 28, 2018) ("The Court will allow a reasonable
19  period of time for a member of the class to intervene or to be substituted as the class representative.")
20  (cleaned up).

21  **C.    Class Counsel Will Move to Withdraw Representation in Short Order.**

22  In this District, an attorney is authorized to withdraw as counsel of record if (1) written notice
23  has been given reasonably in advance to the client and all other parties in the action; and (2) the
24  attorney obtains leave of Court" pursuant to Local Rule. 11-5(a). *Oracle Am., Inc. v. Serv. Key, LLC*, No.
25  C 12-00790 SBA, 2013 WL 12218460, at *1 (N.D. Cal. Jan. 18, 2013). "[T]he conduct of counsel,
26  including the withdrawal of counsel, is governed by the standards of professional conduct required of
27  all members of the State Bar of California" pursuant to Local Rule 11-4(a)(1). *Id.* Class Counsel intend
28  to seek leave from this court to withdraw as Mr. Chinitz's counsel under California Rule of

1  Professional Conduct 1.16(b)(4), once Mr. Chinitz has had sufficient time to retain other counsel in
2  this matter pursuant to California Rule of Professional Conduct 1.16(d).

### IV.     CONCLUSION

Plaintiffs make this Motion in good faith, for good cause and in as timely a manner as the development of this case has allowed. The Motion should be granted so that Plaintiffs can amend the Complaint and substitute an individual who is an adequate class representative.

Date: March 23, 2021                              **TYCKO & ZAVAREEI LLP**

By:  /s/ Hassan A. Zavareei
Hassan A. Zavareei (State Bar No. 181547)
*hzavareei@tzlegal.com*
Kristen G. Simplicio (State Bar No. 263291)
*ksimplicio@tzlegal.com*
Mark Clifford (*pro hac vice*)
*mclifford@tzlegal.com*
1828 L Street, Northwest, Suite 1000
Washington, District of Columbia 20036
Telephone: (202) 973-0900

**TYCKO & ZAVAREEI LLP**
Sabita J. Soneji (State Bar No. 224262)
*ssoneji@tzlegal.com*
1970 Broadway, Suite 1070
Oakland, California 94612
Telephone: (510) 254-6808

**REESE LLP**
George V. Granade (State Bar No. 316050)
*ggranade@reesellp.com*
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070

**REESE LLP**
Michael R. Reese (State Bar No. 206773)
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500

*Counsel for Plaintiff Ronald Chinitz and the Classes*