1

2

3          **UNITED STATES DISTRICT COURT**

4          **NORTHERN DISTRICT OF CALIFORNIA**

5          **SAN JOSE DIVISION**

6

7    RONALD CHINITZ,                                Case No.  18-cv-05623-BLF

8                   Plaintiff,

9            v.                                     **ORDER GRANTING MOTION TO
                                                    FILE UNDER SEAL**

10   INTERO REAL ESTATE SERVICES,                   [Re:  ECF 175]

11                  Defendant.

12

13          Before the Court is Defendant's amended motion to file part of Exhibit B to the

14   Supplemental Declaration of Craig L. Davis under seal. *See* Mot., ECF 175. Plaintiff does not

15   oppose this motion. For the reasons stated below, this motion is GRANTED.

16

17   **I.      LEGAL STANDARD**

18          "Historically, courts have recognized a 'general right to inspect and copy public records

19   and documents, including judicial records and documents.'" *Kamakana v. City and County of*

20   *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

21   U.S. 589, 597 n.7 (1978)). Consequently, filings that are "more than tangentially related to the

22   merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr.*

23   *for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are

24   only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.*

25   at 1097.

26          Sealing motions filed in this district also must be "narrowly tailored to seek sealing only of

27   sealable material, and must conform with Civil L.R. 79-5(d)." Civil L.R. 79-5(b). Under Civil

28   Local Rule 79-6(d), the submitting party must attach a "proposed order that is narrowly tailored to

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1   seal only the sealable material" which "lists in table format each document or portion thereof that

2   is sought to be sealed." In addition, a party moving to seal a document in whole or in part must file

3   a declaration establishing that the identified material is "sealable." Civ. L.R. 79-5(d)(1)(A).

4   "Reference to a stipulation or protective order that allows a party to designate certain documents

5   as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id.*

6   Where the moving party requests sealing of documents because they have been designated

7   confidential by another party or a non-party under a protective order, the burden of establishing

8   adequate reasons for sealing is placed on the designating party or non-party. Civ. L.R. 79-5(e).

9   The moving party must file a proof of service showing that the designating party or non-party has

10   been given notice of the motion to seal. *Id.* "Within 4 days of the filing of the Administrative

11   Motion to File Under Seal, the Designating Party must file a declaration . . . establishing that all of

12   the designated material is sealable." Civ. L.R. 79-5(e)(1). "If the Designating Party does not file a

13   responsive declaration . . . and the Administrative Motion to File Under Seal is denied, the

14   Submitting Party may file the document in the public record no earlier than 4 days, and no later

15   than 10 days, after the motion is denied." Civ. L.R. 79-5(e)(2).

16

17   **II.     DISCUSSION**

18        Documents containing commercially sensitive information have been held sealable in this

19   Circuit. *See, e.g., In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (sealing exhibit

20   containing trade secrets and adopting definition of trade secret as "any formula, pattern, device or

21   compilation of information which is used in one's business, and which gives him an opportunity

22   to obtain an advantage over competitors who do not know or use it"). The Court has reviewed

23   Defendant's sealing motion and the declaration of Craig L. Davis ("Davis Decl."), ECF 177,

24   submitted in support thereof. The Court finds articulated, compelling reasons to seal certain

25   portions of Exhibit B. The proposed redactions are generally narrowly tailored. The Court's

26   rulings on the sealing request is set forth in the table below.

27

28

| ECF No. | Document | Result | Reason for Sealing |
|---|---|---|---|
| 165-2 | Davis Decl., Ex. B, Business Records | GRANTED as to the positions of the document highlighted at LN000001-000007 and LN000024-000029 | The Court finds that this document contains proprietary, non-public, and competitively sensitive details. |

## III.    ORDER

For the reasons set forth herein, the Court GRANTS Defendant's motion to file under seal portions of Exhibit B.

Dated: March 25, 2021

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

3