Sabita J. Soneji (State Bar No. 224262)
ssoneji@tzlegal.com
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, California 94612
Telephone: (510) 254-6808

Hassan A. Zavareei (State Bar No. 181547)
hzavareei@tzlegal.com
Kristen G. Simplicio (State Bar No. 263291)
ksimplicio@tzlegal.com
Mark Clifford (*pro hac vice*)
mclifford@tzlegal.com
**TYCKO & ZAVAREEI LLP**
1828 L Street, Northwest, Suite 1000
Washington, District of Columbia 20036
Telephone: (202) 973-0900

George V. Granade (State Bar No. 316050)
ggranade@reesellp.com
**REESE LLP**
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070

Michael R. Reese (State Bar No. 206773)
mreese@reesellp.com
**REESE LLP**
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500

*Counsel for Plaintiff Ronald Chinitz and the Classes*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| RONALD CHINITZ, *individually, and on behalf of a class of similarly situated persons*,<br><br>Plaintiff,<br><br>v.<br><br>INTERO REAL ESTATE SERVICES,<br><br>Defendant. | Case No. 5:18-cv-05623-BLF<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO AMEND SCHEDULING ORDER, AMEND COMPLAINT, AND SUBSTITUTE CLASS REPRESENTATIVE**<br><br>Date: August 26, 2021<br>Time: 9:00 a.m.<br>Place: Courtroom 3, 5th Floor<br>Judge: Honorable Beth Labson Freeman |

1    Plaintiffs' Motion to Amend Scheduling Order, Amend Complaint, and Substitute Class
2 Representative ("Motion to Substitute") seeks to address an unfortunate development in this case with
3 a reasonable proposal to ensure the parties can see the case through to a timely resolution. In response,
4 Defendant Intero Real Estate Services ("Intero") offers hyperbole, ad hominem attacks, and
5 (untruthful) hearsay. None of these distractions undermine the appropriateness of the Classes'
6 reasonable request.
7    Intero's first attack is on Class Counsel's diligence. Despite Intero's contention—based on a
8 misleading citation to Mr. Chinitz's deposition testimony and a hearsay declaration of its CEO rife
9 with demonstrably false claims—Class Counsel could not possibly have known in November 2019
10 that Mr. Chinitz would, nearly sixteen months later, forsake his fiduciary obligations to the Classes by
11 circumventing appointed Class Counsel to negotiate a resolution for pennies on the dollar.
12    Intero's second argument is that it would suffer "extraordinary and undue prejudice" if the
13 Court grants Plaintiffs' Motion to Substitute. Opp'n at 1, ECF No. 194. Not so. To hear Intero tell it,
14 this entire case would need to be re-litigated if two members of the already certified Classes replace
15 Mr. Chinitz as the class representative, and that untold hours of work would go down the drain. In
16 reality, only limited discovery and additional briefing would be required. In addition, Intero has
17 exacerbated the problem by continuing to negotiate with Mr. Chinitz after the Court made it clear to
18 Intero's counsel that Mr. Chinitz had no authority to negotiate on behalf of the Classes.
19    Finally, Intero does not try to substantively address the impropriety of a class representative
20 negotiating a class-wide resolution without Class Counsel's involvement. It offers no authority or
21 argument on this point.
22    For all of its sound and fury, Intero's Opposition signifies nothing warranting denial of the
23 Classes' necessary request for modest relief.
24 **I.   Class Counsel Were Diligent.**
25    Intero argues that Plaintiffs' Motion to Substitute should have been filed in November 2019
26 because (1) Mr. Chinitz's deposition testimony suggested this case should be settled for nominal
27 monetary damages; and (2) Mr. Chinitz supposedly expressed concerns with Class Counsel's litigation
28 strategy that same month. These arguments are misleading and without factual support.

*First*, Intero selectively quotes Mr. Chinitz's deposition testimony that purports to show that he thought the class members were only entitled to one dollar in relief. *See* Opp'n at 2-3, 5. But Intero fails to tell the Court that on redirect, Mr. Chinitz testified that he was seeking statutory damages on behalf of the (then-putative) Classes:

> Q. So a moment ago in response to Mr. Campbell you said that you were seeking whatever is customary on behalf of the class. When you said that, were you referring to the statutory damages that are available under the TCPA?
>
> A. Yes

Declaration of Hassan A. Zavareei ("Zavareei Reply Decl."), Ex. B, Chinitz Depo. Tr. at 309:5-25.

*Second*, Intero recounts a series of purported conversations between Mr. Chinitz and Intero's Chief Executive Officer, Brian Crane, in which Mr. Chinitz allegedly expressed concerns with Class Counsel's representation and settlement demands and claimed to have raised these concerns in a November 2019 email to Class Counsel. Opp'n at 3, 5, 7; Crane Decl. ¶¶ 2-7. Because Intero offers these statements to prove the truth of the matter asserted—i.e., that Mr. Chinitz expressed his supposed concerns to Class Counsel as early as November 2019—they are inadmissible hearsay statements. *See* Fed. R. Evidence 801(c), 802. Although it appears Mr. Chinitz may have waived the attorney-client privilege in these conversations with Mr. Crane, Class Counsel will err on the side of caution and not address the substance of their communications with Mr. Chinitz. Plaintiffs do note, however, that the parties were not in settlement discussions in November 2019, nor had any demands been made. *See* Zavareei Reply Decl. ¶¶ 4-5. Moreover, Class Counsel are in possession of documentary evidence that directly contradicts hearsay statements attributed to Mr. Chinitz. Class Counsel are willing to provide this evidence to the Court for *in camera* review if it would assist the Court. *See United States v. Zolin*, 491 U.S. 554, 569 (1989) ("[I]t is clear that *in camera* review does not destroy the privileged nature of the contested communications . . . .").

Diligence is not at issue here. Class Counsel became aware of Mr. Chinitz's improper negotiations with Intero on Friday, March 19, 2021. *See* Mot. Substitute at 1, ECF No. 178-1. They filed the Motion to Substitute four days later, on March 23, 2021. *Id.*

1  **II.   Intero Will Not Suffer "Extraordinary and Undue Prejudice."**

2  According to Intero, if the Court grants the Motion to Substitute, it will open a pandora's box
3  of near-limitless discovery and motions practice extending for months on end. *See* Opp'n at 8-9. Each
4  of its purported concerns are meritless.

5  *First*, Intero claims it would "get an opportunity to respond to the proposed FAC," and that
6  this would cause delay. But, in fact, "[a] defendant is not required to file a new answer to an amended
7  complaint when the allegations in the amended complaint do not change the theory or scope of the
8  case." *KST Data, Inc. v. DXC Tech. Co.*, 980 F.3d 709, 715 (9th Cir. 2020) (cleaned up). Nowhere in
9  Intero's Opposition does it contend the proposed First Amended Complaint (ECF No. 189-1)
10 changes the theory or scope of this case. Because it does not.

11 *Second*, Intero claims it will "need to propound written discovery, take the new plaintiffs'
12 depositions, and take third party discovery on both the merits of each plaintiff's claim and their ability
13 to satisfy Rule 23," including "information and documents relating to the plaintiffs' use of their
14 telephone lines, including phone records from their servicers; the nature of the calls they received; and
15 their purported damages." Opp'n at 8-9. It further claims it will "need discovery from the persons
16 who allegedly called both plaintiffs." *Id.* at 9. Yet Intero sought no such third-party discovery from
17 Mr. Chinitz's service provider or the agents who called Mr. Chinitz. Zavareei Reply Decl. ¶ 10. In fact,
18 as to Mr. Chinitz, Intero only propounded a single set of Requests for Production (containing 11
19 Requests), a single set of Interrogatories (containing five Interrogatories), and conducted one
20 deposition. *Id.* ¶¶ 8-11. Intero should not be permitted to claim prejudice to the case schedule by
21 proposing voluminous discovery that its prior actions concede is unnecessary to its defense.

22 *Third*, Intero claims "the parties would need to brief commonality, typicality, and adequacy as
23 to both plaintiffs." Opp'n at 9. Yet, in arguing against commonality while opposing class certification,
24 Intero did not make a single argument specific to Mr. Chinitz as to why commonality was not satisfied.
25 Opp'n Mot. Class Cert. at 9-13. Nor does it explain how its argument could change if Ruby Mitchell
26 and Edward Kelly are substituted as class representatives. It should not. As this Court noted in
27 certifying the Classes, "while Intero challenges one of the common questions, it does not challenge
28 the other three common questions identified by Plaintiff" and "[C]ommonality only requires a single

1  significant question of law or fact." Class Cert. Order at 14, ECF No. 126 (cleaned up). So, if the
2  Court grants the Motion to Substitute, it will not affect the Court's prior holding on commonality and
3  no briefing on this point is required. Moreover, Intero devoted *less than two pages* of its brief opposing
4  class certification to challenging adequacy and typicality. *See* Opp'n Mot. Class Cert. at 13-15, ECF
5  No. 93. These issues can be briefed on an expedited basis without impacting the case schedule.

6      *Finally*, Intero's contention that "Intero must be given an opportunity to move for summary
7  judgment on [the new class representatives'] claims" is without basis. Opp'n at 9. This Court denied
8  Intero's Motion for Summary Judgment based on the evidence in the record. None of that evidence
9  disappears if the Court grants the Motion to Substitute. Tellingly, Intero offers no authority to suggest
10 that it would be proper to revisit summary judgment.

11     If this Court grants the Motion to Substitute, all that will be required is (1) limited written
12 discovery; (2) the depositions of Ms. Mitchell and Mr. Kelly; and (3) limited briefing on the issues of
13 adequacy and typicality. These actions would not require "[a] continuance of the trial date" as Intero
14 suggests. Opp'n at 9. Plaintiffs are willing to forego argument on this Motion and submit on the
15 papers. Zavareei Reply Decl. ¶ 12. In order to expedite this matter, the new plaintiffs will endeavor to
16 provide written discovery responses to the requests served on Mr. Chinitz by the time of the April 29,
17 2021 Case Management Conference and make themselves available for depositions immediately. *Id.* ¶
18 13. This process could be completed in less than 40 days from the Court's Order. *Id.* ¶ 15.

19     Where, as here, only limited discovery is required, the risks of prejudice are not sufficient to
20 deny a Motion to Substitute. *See* Mot. Substitute at 7-9. The real prejudice would come if the Court
21 were to deny the Motion and require the parties to litigate an entirely new case on these same issues.

22 **III.    Intero Invited Any Prejudice It Might Suffer.**

23     Plaintiffs conclude by noting that Intero is not without culpability in the unfortunate situation
24 that brings this matter before the Court. Although Mr. Chinitz first contacted Intero on March 17,
25 2021, it was Mr. Crane who returned his call the next day. Crane Decl. ¶ 3. On March 19, Mr. Crane
26 again initiated contact by reaching out to Mr. Chinitz with a proposed term sheet. *Id.* ¶ 4. And the
27 metadata on the term sheet indicates that Intero's lead counsel, Tomio Narita, drafted that term sheet
28 even though he knew that Mr. Chinitz was a class representative in a certified class action represented

by Class Counsel appointed by the Court. Zavareei Reply Decl. ¶ 16, Ex. C; *see also* Cal. R. Prof'l Conduct 4.2(A) ("In representing a client, a lawyer shall not communicate directly or indirectly about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer."); *Fair Hous. Council of Cent. California, Inc. v. Tylar Prop. Mgmt. Co.*, 975 F. Supp. 2d 1115, 1120 (E.D. Cal. 2012) ("To be sure, counseling clients with the purpose of directing the clients to negotiate a settlement with represented parties implicates serious ethical concerns, particularly where, as in this case, nothing suggests opposing counsel was ever given notice of the negotiations."). Immediately afterwards, during the summary judgment hearing on March 25, the Court made it clear that Mr. Chinitz could not negotiate with Intero on behalf of the Classes. *See* Zavareei Reply Decl. ¶ 18, Ex. D Hr'g Tr. at 46:11-16 ("Mr. Chinitz, it appears he can't continue to represent the class and is not even trying to. He has no authority to broker a class settlement. And so Mr. Narita, I presume . . . that you are aware of that and you have had the necessary discussions."). Nonetheless, Intero communicated with Mr. Chinitz on at least three additional occasions after that hearing. Crane Decl. ¶¶ 5-7. It is impossible to know the outcome of a counter-factual scenario, but if Intero had not engaged in these improper negotiations with Mr. Chinitz, it is likely that the parties would not be briefing the present matter for the court. Despite Intero's protestations, this was not a serious settlement negotiation; Intero had repeatedly rebuffed Class Counsel's numerous settlement overtures. Zavareei Reply Decl. ¶¶ 5-7. Intero should have rebuffed Mr. Chinitz's overtures and immediately notified Class Counsel. Having failed to do so, Intero is in no position to complain about the foreseeable consequences flowing from its actions.

## CONCLUSION

Plaintiffs filed their Motion to Substitute in good faith, for good cause, and in as timely a manner as the development of this case allowed. None of Intero's speculation and hyperbole refutes these facts. The Motion should be granted so that the Certified Classes, and Intero, can bring this case to a timely end on the merits.

| | | |
|---|---|---|
| 1 | Date: April 20, 2021 | **TYCKO & ZAVAREEI LLP** |
| 2 | | By: _/s/ Hassan A. Zavareei_ |
| | | Hassan A. Zavareei (State Bar No. 181547) |
| 3 | | *hzavareei@tzlegal.com* |
| | | Kristen G. Simplicio (State Bar No. 263291) |
| 4 | | *ksimplicio@tzlegal.com* |
| 5 | | Mark Clifford (*pro hac vice*) |
| | | *mclifford@tzlegal.com* |
| 6 | | 1828 L Street, Northwest, Suite 1000 |
| | | Washington, District of Columbia 20036 |
| 7 | | Telephone: (202) 973-0900 |
| 8 | | **TYCKO & ZAVAREEI LLP** |
| | | Sabita J. Soneji (State Bar No. 224262) |
| 9 | | *ssoneji@tzlegal.com* |
| | | 1970 Broadway, Suite 1070 |
| 10 | | Oakland, California 94612 |
| | | Telephone: (510) 254-6808 |
| 11 | | |
| 12 | | **REESE LLP** |
| | | George V. Granade (State Bar No. 316050) |
| 13 | | *ggranade@reesellp.com* |
| | | 8484 Wilshire Boulevard, Suite 515 |
| 14 | | Los Angeles, California 90211 |
| | | Telephone: (310) 393-0070 |
| 15 | | **REESE LLP** |
| | | Michael R. Reese (State Bar No. 206773) |
| 16 | | *mreese@reesellp.com* |
| | | 100 West 93rd Street, 16th Floor |
| 17 | | New York, New York 10025 |
| | | Telephone: (212) 643-0500 |
| 18 | | |
| | | *Counsel for Plaintiff Ronald Chinitz and the Classes* |