TOMIO B. NARITA (SBN 156576)
tnarita@snllp.com
R. TRAVIS CAMPBELL (SBN 271580)
tcampbell@snllp.com
MARGARET T. CARDASIS (SBN 322167)
mcardasis@snllp.com
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000

Attorneys for Defendant
Intero Real Estate Services

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD CHINITZ, *individually, and on behalf of a class of similarly situated persons*,<br><br>Plaintiff,<br><br>vs.<br><br>INTERO REAL ESTATE SERVICES,<br><br>Defendant. | CASE NO. 5:18-cv-05623-BLF<br><br>**DEFENDANT'S OBJECTIONS TO REPLY EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND SCHEDULING ORDER, AMEND COMPLAINT, AND SUBSTITUTE CLASS REPRESENTATIVE**<br><br>Date:  August 26, 2021<br>Time: 9:00 a.m.<br>Courtroom 3, 5th Floor<br><br>The Hon. Beth Labson Freeman |

Pursuant to Local Rule 7-3(d)(1), Defendant Intero Real Estate Services ("Intero") submits the following objections to the new evidence submitted with Plaintiffs' Reply in Support of Motion to Amend Scheduling Order, Amend Complaint ("Motion"). *See* Doc. No. 200-1. The Zavareei Reply Declaration and Exhibits C and D attached thereto (Doc. No. 200-1) plainly should have been submitted with the moving papers in support of the Motion. Class Counsel's decision to withhold this evidence until the Reply is improper and the new evidence should not be considered.

This Court has consistently refused to consider reply evidence in this case. *See, e.g.*, Doc. No. 191 at ECF p. 5:6-10; Doc. No. 126 at ECF p. 6:4-10. Indeed, new evidence submitted with a reply brief is generally improper. *See, e.g., Tovar v. U.S. Postal Serv.*, 3 F.3d 1271, 1273 n. 3 (9th Cir. 1993) (new evidence and information in a reply brief deprives an opposing party an opportunity to respond); *Morris v. Guetta,* No. LA CV12-00684 JAK, 2013 U.S. Dist. LEXIS 15556, at *29 (C.D. Cal. Feb. 4, 2013) ("New evidence submitted as part of a reply is improper"); *Curry v. Cal. Dep't of Corr.*, No. C-09-3408 EMC, 2012 U.S. Dist. LEXIS 38464, at *34 (N.D. Cal. Mar. 21, 2012) (reply declaration "should have been presented in the moving papers"); *Ameranth, Inc. v. Genesis Gaming Solutions, Inc.*, SACV 11-0189 AG (RNBx), 2014 U.S. Dist. LEXIS 194845, at *36-37 (C.D. Cal. Aug. 4, 2014) (refusing to consider new reply evidence). Reply evidence should not be considered unless it is "in direct response to evidence raised in the opposition." *Sazerac Co. v. Fetzer Vineyards, Inc.*, No. 3:15-cv-04618-WHO, 2018 U.S. Dist. LEXIS 14988, at *5, n.2 (N.D. Cal. Jan. 30, 2018) (sustaining objection to declaration offered with plaintiff's reply).

The new testimony and exhibits in the Zavareei Reply Declaration were plainly available to Class Counsel when they filed the Motion. With the exception of Exhibit B (Mr. Chinitz's deposition transcript), none of the evidence is "in direct response to evidence raised in the

opposition." *Id.* at *5, n. 2.  The improper reply evidence in the Zavareei Reply Declaration should not be considered.

DATED:  April 22, 2021                         SIMMONDS & NARITA LLP
                                                                                 TOMIO B. NARITA
                                                                                 R. TRAVIS CAMPBELL
                                                                                 MARGARET T. CARDASIS

                                                             By:   /s/ R. Travis Campbell
                                                                                              R. Travis Campbell
                                                                                              Attorneys for Defendant
                                                                                              Intero Real Estate Services