UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RONALD CHINITZ,<br><br>   Plaintiff,<br><br>  v.<br><br>INTERO REAL ESTATE SERVICES,<br><br>   Defendant. | Case No. 18-cv-05623-BLF<br><br>**ORDER GRANTING MOTION TO AMEND SCHEDULING ORDER, AMEND COMPLAINT, AND SUBSTITUTE CLASS REPRESENTATIVE**<br><br>[Re: ECF 178] |

Before the Court is Plaintiff's motion to amend the scheduling order, complaint, and substitute class representative on behalf of and to protect the certified classes of California residents who allegedly received unlawful telemarketing calls from real estate agents affiliated with Defendant Intero Real Estate Services ("Intero"). *See* Mot., ECF 178. Intero opposes this motion. *See* Opp'n, ECF 194. The Court GRANTS this motion and finds good cause to modify the case schedule. The Court also terminates as moot Intero's pending motion to amend its answer, *see* ECF 154, as this Court allowing an amended complaint necessarily allows Intero to file an amended answer.

"Once the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings that rule's standards control." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Rule 16 provides that the Court must issue a scheduling order "[that] limit[s] the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" requirement of Rule 16 "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. "If the party was not diligent, the inquiry should end." *Id.*

If a party shows compliance with Rule 16, the Court must then consider the permissibility of amendment under Rule 15. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir.2001) (noting that the Ninth Circuit permits amendment under Rule 15 with "extreme liberality"). A district court may consider four factors when determining whether to grant leave to amend under Rule 15: 1) bad faith on behalf of the moving party; 2) whether amendment would cause undue delay; 3) prejudice to the opposing party; and 4) futility. *Id.*; *see also Bowles v. Reade*, 198 F.3d 752, 758–59 (9th Cir.1999) (noting that undue delay on its own does not justify denying leave to amend under Rule 15). Rule 15(d) permits a party to supplement its complaint in order to include "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d); *see also William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co.*, 668 F.2d 1014, 1057 (9th Cir.1982) ("The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible.").

Here, the Court finds that Plaintiff was diligent in seeking amendment and has demonstrated good cause for doing so. As soon as Plaintiff's counsel realized the named plaintiff had reached out to Intero directly in an attempt to settle this litigation without involving counsel, violating his fiduciary duty to absent class members, Plaintiff filed this motion to amend. *See* Mot. The Court finds that this is good cause to substitute the named plaintiff and file an amended complaint. Moreover, the Court finds no prejudice to Intero, which had sought to amend its answer anyway, and a modified case schedule will give both parties plenty of time to prepare for the November 2021 trial.

In the Court's view, only limited additional discovery will be relevant to the amendments in the complaint. As the Court outlined at the April 29, 2021 case management conference, this limited, expedited discovery shall commence immediately. The Parties shall meet and confer and provide the Court with a discovery plan covering both the amended complaint and amended answer. All discovery shall be completed by September 1, 2021, and any objections to discovery responses must be filed no later than September 7, 2021.

In response to Intero's request for an additional summary judgment motion, the Court will defer determination until July 30, 2021. Defendant may submit no later than July 26, 2021, a brief

of no more than three pages identifying the issues it would raise if allowed. If granted, the Court will set an expedited briefing schedule.

**IT IS SO ORDERED.**

Dated: May 4, 2021

_____
BETH LABSON FREEMAN
United States District Judge