UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RONALD CHINITZ, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>INTERO REAL ESTATE SERVICES,<br><br>    Defendant. | Case No. 18-cv-05623-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |

Before the Court is Defendant Intero's motion to dismiss the first amended complaint filed by Plaintiffs Ruby Mitchell and Edward J. Kelly, who were recently substituted into this case as named Plaintiffs. *See* Mot., ECF 217. Plaintiffs oppose this motion. *See* Opp'n, ECF 219. The Court GRANTS the motion with regard to Plaintiffs UCL claim, which they concede, and DENIES the motion as to Plaintiffs' other claims.

The Court notes the unusual posture of this motion. The Court has already granted class certification, *see* Class Cert. Order, ECF 126, and ruled on summary judgment motions from both Parties, *see* MSJ Order, ECF 191. On the eve of the summary judgment hearing, Plaintiffs' counsel filed a motion to substitute the named plaintiff due to the prior named plaintiff's unauthorized settlement negotiations with Intero's CEO and general counsel. *See* Mot., ECF 178. After ruling on the pending summary judgment motions, the Court granted Plaintiffs' motion to amend the complaint and substitute the named plaintiffs in this case. *See* Order, ECF 210.

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint

must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In interpreting Rule 8(a)(2)'s "short and plain statement" requirement, the Supreme Court has held that a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which requires that "the plaintiff plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard does not ask the Plaintiff to plead facts that suggest he will probably prevail, but rather "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). The Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

Intero first argues that Plaintiffs have not pled facts showing that the calls they received were "telephone solicitations" or for "telemarketing purposes" under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c)(2). Mot. 1-3. Plaintiffs identify specific allegations in the complaint that plausibly allege that they received telephone solicitations from specific Intero agents through their Mojo accounts.[1] Am. Compl. ¶¶ 13-15, 21-23, ECF 211. The Court finds that Plaintiffs have plausibly alleged that they received telephone solicitations for telemarketing purposes.

Intero next argues that Plaintiffs' second cause of action under the TCPA must fail because Plaintiffs have not alleged that they requested Intero not call them and then were subsequently called again. Mot. 3-4. Plaintiffs respond that they have sufficiently alleged a violation of 47 C.F.R. § 64.1200(d). Opp'n 3. The Court agrees with Plaintiffs.

The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said

---

[1] The National Do Not Call certified class in this action consists of, in relevant part, all persons in the United States who received more than one call made on behalf of Intero by one of Intero's California sales associates that was placed through the dialing platform provided by Mojo Dialing Solutions, Inc. Class Cert Order 27.

regulations. 47 U.S.C. § 227(c)(5). Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity." *Id.* "Implementation of adequate procedures is an affirmative defense, and thus Plaintiff bears no burden to prove its inapplicability in the complaint." *Izor v. Abacus Data Sys., Inc.*, No. 19-CV-01057-HSG, 2019 WL 3555110, at *2 (N.D. Cal. Aug. 5, 2019). Here, Plaintiffs have sufficiently pled that Intero agents repeatedly made telemarketing calls to them Am. Compl. ¶¶ 12-16, 21-24, which is sufficient for this claim.

Finally, Intero argues that Plaintiffs' complaint must be dismissed under Rule 19(a) for failure to join necessary parties—the Intero corporate sales associates that allegedly placed the offending calls. Mot. 4-5. The Court disagrees and finds that the interests of the corporate sales associates are not impeded or impaired by this suit, as any interests they may have are adequately represented by Intero.

*Stark v. Stall*, the authority Intero cites as "directly on point," is distinguishable. No. 19-CV-00366-AJB-NLS, 2019 WL 3718878 (S.D. Cal. Aug. 7, 2019). In *Stark*, the Court found that the plaintiff had not sufficiently pled an agency relationship between the defendant and the absent necessary party. *Id.* at *5-*6. In this case, the Court has already established that Intero's corporate sales associates are Intero's agents as a matter of law. MSJ Order 7-11. "Agents and joint tortfeasors, however, are not generally deemed indispensable parties, because full liability can be imposed on the principal or joint tortfeasor even if they are not joined." *Dorfman v. Massachusetts Cas. Ins. Co.*, No. CV1506370MMMASX, 2015 WL 7312413, at *8 (C.D. Cal. Nov. 19, 2015) (internal citations omitted).

Further, the initial requirement that "the absent party claim a legally protected interest relating to the subject matter of the action," has not been met to trigger the application of Rule 19(a)(1)(B)(i) and (ii). *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983). "An absent party with an interest in the action is not a necessary party under Rule 19(a) "if the absent party is adequately represented in the suit." *Salt River Project Agr. Imp. & Power*

*Dist. v. Lee*, 672 F.3d 1176, 1180 (9th Cir. 2012) (quoting *Shermoen v. United States*, 982 F.2d 1312, 1318 (9th Cir. 1992)). Here, to the extent there is a legally protected interest on the part of the corporate sales associates, it is adequately represented by Intero, which, as a matter of law in this action, is liable for the actions of its corporate sales associates.

Finally, Plaintiffs concede that their claim under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, should be dismissed. Opp'n 1. The Court agrees and DISMISSES that claim. The motion is DENIED as to Plaintiffs' other claims.

**IT IS SO ORDERED.**

Dated: June 16, 2021

_____
BETH LABSON FREEMAN
United States District Judge