UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD CHINITZ, and others,<br><br>Plaintiffs,<br><br>v.<br><br>INTERO REAL ESTATE SERVICES,<br><br>Defendant. | Case No. 18-cv-05623-BLF (NC)<br><br>**ORDER DENYING DEFENDANT'S DISCOVERY REQUEST**<br><br>Re: ECF 241 |

On August 18, 2021, the parties filed a joint discovery letter brief regarding a dispute over subpoenas that Defendant Intero Real Estate Services seeks to serve on non-party Zillow Group, Inc. ECF 241. The Court first notes that this discovery request is untimely; the deadline for the parties to serve subpoenas was June 21, 2021. When faced with an untimely discovery request, the Court may still grant the request for good cause. *McIntosh v. Wells Fargo Bank, NA*, 667 Fed. Appx. 245, 245 (9th Cir. 2016). However, Intero fails to demonstrate good cause.

Intero claims that the subpoenas are necessary to show that Plaintiffs took steps in connection to selling their homes. *See* ECF 241 at 2. Intero asserts that this fact would bolster its affirmative defenses and undermine Plaintiffs' credibility. *Id.* And while this fact may be true, Intero's statement only provide speculations. Intero claims that its agents–Dominic Nicoli and Jackie Martin–can only get an individual's information if the

individual fills out a "contact us" form, thus by virtue of the fact that the agents had Plaintiffs' phone numbers, Plaintiffs must have been seeking to establish a relationship with an agent. *Id.* But if the agents were able to get Plaintiffs' information from Zillow, Intero should be able to tell the Court outright, rather than speculating. These considerations lead the Court to believe that this discovery request is a fishing expedition that is not proportional to the needs of the case under Federal Rule of Civil Procedure 26. Accordingly, Intero's request to serve subpoenas on Zillow is DENIED.

**IT IS SO ORDERED.**

Dated: August 19, 2021  _____
NATHANAEL M. COUSINS
United States Magistrate Judge