| | |
|---|---|
| TOMIO B. NARITA (SBN 156576) <br> tnarita@snllp.com <br> R. TRAVIS CAMPBELL (SBN 271580) <br> tcampbell@snllp.com <br> MARGARET T. CARDASIS (SBN 322167) <br> mcardasis@snllp.com <br> SIMMONDS & NARITA LLP <br> 44 Montgomery Street, Suite 3010 <br> San Francisco, CA 94104-4816 <br> Telephone: (415) 283-1000 | BRYAN BALOGH (SBN 6298-o42b) <br> *Pro Hac Vice* <br> bbalogh@burr.com <br> BURR FORMAN LLP <br> 420 20th Street North, Suite 3400 <br> Birmingham, AL 35203-5210 <br> Telephone: (205) 251-3000 <br> Facsimile:   (205) 458-5100 |

Attorneys for Defendant
Intero Real Estate Services

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD CHINITZ, *individually, and on behalf of a class of similarly situated persons*, <br><br> Plaintiff, <br><br> vs. <br><br> INTERO REAL ESTATE SERVICES, <br><br> Defendant. | CASE NO. 5:18-cv-05623-BLF <br><br> **DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR APPOINTMENT AS CLASS REPRESENTATIVES** <br><br> Date: None <br> Time: None <br> Courtroom: 3, 5th Floor <br><br> The Honorable Beth Labson Freeman |

## I. ARGUMENT

### A. Plaintiffs Are Not Adequate To Represent The Internal DNC Class

To satisfy the adequacy requirement of Rule 23(a)(4), Plaintiffs Ruby Mitchell ("Mitchell") and Edward J. Kelly ("Kelly") ("Plaintiffs") "must be [] member[s] of the class [they] seek to represent . . . ." *Sali v. Coronoa Regional Medical Ctr.*, 909 F.3d 996, 1007 (9th Cir. 2018). They cannot be members of the Internal DNC Class, however, without evidence that they asked Defendant Intero Real Estate Services ("Intero") not to call them. *See* Doc. No. 126 at ECF p. 27:8-13 (defining Internal DNC Class as "[a]ll persons in the United State who: (a) were on an internal list of persons who asked Intero to not call them ('Internal DNC List')"). Unlike former Plaintiff Ronald Chinitz, neither Mitchell nor Kelly has such evidence.

Kelly has no memory of what was said on any calls from Intero agents. *See* Declaration of Tomio B. Narita in Support of Defendant's Opposition to Plaintiffs' Motion for Appointment as Class Representatives, Ex. B [Kelly Depo., pp. 60:21-62:14, 63:7-12, 65:23-66:6, 66:14-67:23, 84:20-86:16, 86:25-87:12]. His general practice when he receives "junk" calls "depends on [his] mood," and ranges from hanging up, to "banter[ing] with" the caller "saying if you pay me a $100 million paid to my Cayman private account," to reminding the caller he is on the do-not-call list. *Id*. [Kelly Depo., pp. 65:4-19]. He has no memory, however, of what he did or said in response to any calls from Intero agents. *Id*. [Kelly Depo., pp. 65:4-66:6, 84:20-86:16, 86:25-87:12]. While Mitchell claimed she has "a habit of telling people that I'm on a Do Not Call List and please do not call me again[,]" she admitted that she does not know if she did so on any call with an Intero agent. *Id*., Ex. A [Mitchell Depo., pp. 124:4-9, 125:18-126:12]. Plaintiffs have not shown they are "*in fact*" members of the Internal DNC Class and therefore they are not adequate to represent it. *See Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013).

### B. Plaintiffs' Claims Are Subject To Unique Defenses

Neither the typicality nor adequacy requirements of Rule 23(a) are satisfied when the claims of the putative class representative are subject to unique defenses. *See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (no typicality when there is a "danger

that absent class members will suffer if their representative is preoccupied: with their own unique defenses"); *Berman v. Freedom Financial Network, LLC*, 400 F. Supp. 3d 964, 985-88 (N.D. Cal. 2019) (no typicality or adequacy where TCPA claims subject to unique defenses). Plaintiffs' claims are subject to unique defenses that preclude a finding of typicality or adequacy.

*First*, Plaintiffs cannot prove the <u>specific calls</u> referenced in the First Amended Complaint ("FAC") were "telephone solicitation[s]" and "telemarketing" calls. *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. §§ 64.1200(c)(2), (d).  A call is <u>not</u> a "telephone solicitation" or "telemarketing" unless it was initiated "for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. §§ 64.1200(f)(15), (f)(13).  Plaintiffs have not offered and cannot offer evidence about the "purpose" of the six calls they allegedly received.  *See* Doc. No. 211, ¶¶ 12-15, 21-23.  They have no memory of which salespersons called them, what was said on any of the calls, or even what year the calls occurred.  *See* Narita Decl., Ex. A [Mitchell Depo., pp. 120:18-24, 121:18-122:21, 124:4-126:12, 126:23-127:12, 132:15-23] & Ex. B [Kelly Depo., pp. 60:21-62:14, 65:23-66:6, 66:14-67:23, 84:20-86:16, 86:25-87:12].  Although Mitchell says the word "Intero" was mentioned on one call, her testimony makes clear that she cannot tie that memory to one of the three calls referenced in her FAC.  *Id*., Ex. A [Mitchell Depo., pp. 123:18-124:9, 124:21-125:17, pp. 76:6-77:15 ("[i]f I don't remember what the call was I can't remember what it was for.")].

The only calls Plaintiffs do remember were from unidentified persons (not necessarily Intero salespersons) who claimed they had someone interested in <u>buying</u> their homes.  *Id.* [Mitchell Depo., p. 64:3-7] & Ex. B [Kelly Depo., pp. 45:19-46:3].  Those calls were not "telephone solicitations" or "telemarketing" calls, because the caller was not "encourag[ing]" Plaintiffs to "purchase" something.  *See, e.g., Friedman v. Torchmark Corp*., No. 12-CV-2837-IEG (BGS), 2013 U.S. Dist. LEXIS 54020, at *13 (S.D. Cal. Apr. 16, 2013) (calls not "telephone solicitations" because not made "for the purpose of encouraging the listener to engage in future commercial transactions with the caller to purchase property, goods, or services"); *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012) ("telemarketing" calls are ones that

"encourage[] recipients to engage in future purchasing activity").  Plaintiffs' deposition testimony has opened them up to a unique defense that has been, and will continue to be, a major focus of this litigation.  Even if Plaintiffs' claims survive summary judgment on this point, Plaintiffs will be bogged down by and preoccupied at trial with attempting to overcome their prior testimony about the alleged calls.

*Second*, Plaintiffs' deposition testimony also casts serious doubt on whether they have Article III standing to bring their claims.  *See Ramirez v. TransUnion LLC*, 2021 U.S. LEXIS 3401, *25, 141 S. Ct. 2190 (2021).  To establish standing, Plaintiffs must show they "suffered an injury in fact that is concrete, particularized, and actual or imminent" as a result of the specific calls alleged in their FAC to have violated the TCPA.  *Id.* at *21 ("But . . . [o]nly those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." (emphasis in original)).  Under *Ramirez*, Plaintiffs do not have standing simply because they received calls that violated the TCPA.  Rather, they must show the violative calls "invade[d] the[ir] privacy and disturb[ed]" the[ir] solitude[.]"  *See Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017); *see also Ramirez*, 2021 U.S. LEXIS 3401 at *21 ("[A]n important difference exists between (i) a plaintiff's statutory cause of action to sue a defendant over the defendant's violation of federal law, and (ii) a plaintiff's suffering concrete harm because of the defendant's violation of federal law . . . .").  As discussed above, Plaintiffs have no memory of the specific calls referenced in their FAC.  It is apparent that they only became aware of the calls after speaking with their lawyers.  This is a far cry from former Plaintiff Ronald Chinitz, who testified extensively about the calls he allegedly received and his reaction to them.  *See* Doc. No. 70-9, ¶¶ 2-13.  At a bare minimum, questions about whether Plaintiffs' testimony is enough to establish Article III standing is a unique defense that renders them atypical and inadequate class representatives.

*Lastly*, Plaintiffs have not demonstrated that they have standing to seek injunctive relief.  There is no evidence that they face a "real or immediate threat" that they will be called by Intero agents again.  *See City of Los Angeles v. Lyons*, 461 U.S. 95, 96 (1983).  The fact that Plaintiffs

allegedly received calls years ago is not enough to confer standing. *See Mayfield v. United States*, 599 F.3d 964, 970 (9th Cir. 2010). The last calls Plaintiffs received from a purported Intero agent were over three years ago, and Intero has placed their names and numbers on the company's internal do-not-call list. *See* Narita Decl., Ex. A [Mitchell Depo., pp. 130:16-131:11] & Ex. B [Kelly Depo., pp. 60:21-65:3]; Doc. No. 237-2, ¶ 3 at Ex. 1. Plaintiffs' inability to establish standing to seek injunctive relief renders them inadequate and their claims atypical.

        **C.**        **Plaintiffs' Credibility Problems And Lack Of Knowledge About The Case Render Them Inadequate To Represent The Classes**

"[A] putative class representative is inadequate where [] the representative's credibility is questioned on issues directly relevant to the litigation or there are confirmed examples of dishonesty." *Miller v. RP On-Side, LLC,* 19-CV-02114-LHK, 2020 U.S. Dist. LEXIS 221990, at *27 (N.D. Cal. Nov. 25, 2020). Both Plaintiffs alleged in the FAC that they received calls on <u>specific days</u> from <u>specific Intero agents</u>, and those calls qualified as "telephone solicitations" and "telemarketing" calls. *See* Doc. No. 211, ¶¶ 12-15, 21-23. However, as discussed above (*see, supra* I.B.), Plaintiffs admitted at their depositions that they have no knowledge that would support any of these alleged facts. Their inability to recall any of the material alleged facts that form the basis of their claims renders them inadequate to represent the classes. *See, e.g.*, *Maeda v. Kenned Endeavors, Inc.*, No. 18-00459 JAO-WRP, 2021 U.S. Dist. LEXIS 117433, at *33 (D. Haw. Jun. 23, 2021) (no adequacy; "inconsistencies" between complaint and deposition testimony "call into question his credibility, as they bear directly on issues pertaining to the litigation"); *Savino v. Computer Credit*, 164 F.3d 81, 87 (2d Cir. 1998) (plaintiff offered differing accounts in complaint and deposition about letter at issue; inconsistencies "surely would create serious concerns as to his credibility at any trial.").

Plaintiffs' lack of knowledge about the case, their failure to review critical case documents, and their admitted decision to defer total control of the case to their attorneys further undercuts their adequacy. *See, e.g., Lee v. Pep Boys-Manny Moe & Jack*, 12-cv-05064-JC, 2015 U.S. Dist. LEXIS 171912, at **35-36 (N.D. Cal. Dec. 23, 2015) (plaintiff was "able to explain in

the most general terms his class representative role and the nature his claims" but not adequate because he had "never read any of the pleadings or discovery, is ignorant of the procedural aspects of class action litigation" and did not know what would happen next in the case"); *In re Facebook, Inc. PPC Adver. Litig.*, 282 F.R.D. 446, 454 (N.D. Cal. 2012) (no adequacy; plaintiff "testified at his deposition that he knows essentially nothing about the case, and indicated that he would defer to counsel in prosecuting this action.").

Mitchell does not know when the lawsuit was filed, what city the courthouse is located in, or the trial date. *See* Narita Decl. A [Mitchell Depo. 107:17-109:6]. She admittedly is not following the progress of the case, does not know when the next court deadline or any significant case event is set to occur, and has no knowledge about any discovery exchanged between the parties. *Id*. [Mitchell Depo. pp. 114:3-117:9]. She is not familiar with the term "class certification," does not know if any motion for class certification has been filed or ruled on, believes she has already been appointed to represent the classes, and has turned total control of the case over to her attorneys. *Id*. [Mitchell Depo., pp. 117:10-118:11, 142:2-143:1]. Kelly also is also not following the progress of the case, does not know if or whether the Court has issued any rulings, did not search for documents in response to discovery requests, and has not reviewed documents produced in the case. *Id*. [Kelly Depo., pp. 74:7-14, 81:4-6, 82:11-19, 82:25-83:2]. He is "not familiar" with the term "class certification," does not know how many class members there are or what time frame the class period covers, and believes he has already been appointed class representative. *Id*. [Kelly Depo., pp. 83:3-5, 84:5-11, 88:18-89:11].

There is also no evidence that Kelly will "vigorously" prosecute the request for injunctive relief on behalf of the classes. *See In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 566 (9th Cir. 2019) (*en banc*). He is focused solely on monetary recovery. *See* Narita Decl., Ex. B [Kelly Depo., pp. 88:8-17, 89:12-14]. Indeed, he did not want to put "a financial number on" what he thought a fair resolution would '[b]ecause I love money." *Id*. [Kelly Depo. p. 89:15-20].

## II. CONCLUSION

Intero requests the Court issue an Order denying Plaintiffs' Motion.

1 | DATED: August 25, 2021

SIMMONDS & NARITA LLP
TOMIO B. NARITA
R. TRAVIS CAMPBELL
MARGARET T. CARDASIS

By:    /s/R. Travis Campbell
      R. Travis Campbell
      Attorneys for Defendant
      Intero Real Estate Services