**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

RUBY MITCHELL *and* EDWARD J. KELLY, *individually, and on behalf of a class of similarly situated persons*,

Plaintiffs,

v.

INTERO REAL ESTATE SERVICES,

Defendant.

Case No. 5:18-cv-05623-BLF

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiffs Ruby Mitchell and Edward J. Kelly and Defendant Intero Real Estate Services have entered into a Settlement Agreement,[1] which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed Settlement and dismissal of the Action with prejudice as to Intero upon the terms and conditions set forth therein.

The Court has before it Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and for Certification of Settlement Class, ECF No. 276 (the "Motion"). After reviewing the Motion, the Settlement Agreement and exhibits thereto, the arguments and authorities presented by the Parties and their counsel at the Preliminary Approval Hearing held on ________________________ 2021, and the record in the Action, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. The Court finds that it has jurisdiction over the subject matter of this Action and over all Parties to the Action.

2. The Parties have moved the Court for an order approving the Settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed Settlement and dismissal of the Action with prejudice, and the Court having read and considered the Settlement Agreement and having heard the Parties, hereby preliminarily approves the Settlement Agreement in its entirety, subject to the Final Approval Hearing referred to in Paragraph 20 of this Order.

3. The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, within the range of possible approval, and in the best interests of the Settlement Class defined below. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement: (a) is the result of arm's-length

[1] Unless otherwise indicated, capitalized terms have the same meanings as those set forth in the Parties' Settlement Agreement and Release, attached as Exhibit A to the Declaration of Sabita Soneji submitted in support of Plaintiffs' Motion for Preliminary Approval.

negotiations between experienced class action attorneys; (b) is sufficient to warrant notice of the Settlement and the Final Approval Hearing to be disseminated to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act, 28 U.S.C. § 1715, the United States Constitution, and the United States District Court for the Northern District of California's Procedural Guidance for Class Action Settlements; and (d) is not a finding or admission of liability by Intero or any other person(s), nor a finding of the validity of any claims asserted in the Action or of any wrongdoing or any violation of law.

**Certification of the Settlement Class**

4. For purposes of settlement only: (a) Tycko & Zavareei LLP, Reese LLP, and Bailey & Glasser LLP are appointed as Class Counsel for the Settlement Class; and (b) Plaintiffs Ruby Mitchell and Edward J. Kelly are appointed Class Representatives for the Settlement Class. The Court finds that these attorneys are competent and capable of exercising the responsibilities of Settlement Class Counsel and that Plaintiffs will adequately protect the interests of the Settlement Class defined below.

5. For purposes of settlement only, the Court conditionally certifies the following Settlement Class as defined in the Settlement Agreement:

> All persons in the United States who: (a) received two or more calls on their residential telephone number (b) that had a duration of more than zero seconds; (c) initiated by, or on behalf of, a real estate salesperson at a time when Intero or Intero Referral Services was the salesperson's responsible broker (as reflected in the records maintained by the California Department of Real Estate ('DRE')); (d) promoting the purchase of Intero's goods or services; (e) placed through the dialing platform provided by Mojo Dialing Solutions, LLC, the call records for which appear in one of 35 account files, identified in Appendix A to the Court's order granting class certification in the Litigation; (f) within a 12-month period; (g) whose telephone number(s) were on the NDNCR for at least 31 days prior to the calls; and (h) at any time since September 13, 2014.

Excluded from the Settlement Class are: (a) Intero; (b) any entity in which Intero has a controlling interest; (c) Intero's officers, directors, legal representatives, successors, subsidiaries, and assigns; (d)

any judicial officer presiding over this matter, as well as members of their immediate family and members of their judicial staff; and (e) any judge sitting in the presiding court system who may hear an appeal of any judgment entered.

6. The Court finds, subject to the Final Approval Hearing referred to in Paragraph 20 below, that, within the context of and for the purposes of settlement only, the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of fact and law common to the Settlement Class; (c) the claims of the Class Representatives are typical of the claims of the members of the Settlement Class; (d) the Class Representatives and Class Counsel will fairly and adequately protect the interests of the members of the Settlement Class; (d) common questions of law or fact predominate over questions affecting individual members; and (e) a class action is a superior method for fairly and efficiently adjudicating the Action.

7. If the Settlement Agreement does not receive the Court's final approval, if final approval is reversed on appeal, or if the Settlement Agreement is terminated or otherwise fails to become effective, the Court's grant of conditional class certification of the Settlement Class shall be vacated, the Parties shall revert to their positions in the Action as they existed before entry of this Order, and the Class Representatives and the Settlement Class Members will once again bear the burden to prove their claims at trial.

**Notice and Administration**

8. The Court approves, as to form, content, and distribution, the Class Notice program set forth in the Settlement Agreement, including the Claim Form attached to the Settlement Agreement as Exhibit 1, all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits 2, 3, and 4 thereto, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Class of the pendency of this Action, the terms of the Settlement Agreement, and the right to object to the Settlement and to exclude themselves from the Settlement Class. The Court also finds that the Notice constitutes valid, due, and

sufficient notice to all persons entitled thereto and meets the requirements of Due Process. The Court further finds that the Class Notice program fully complies with the United States District Court for the Northern District of California's Procedural Guidance for Class Action Settlements.

9. The Parties have selected a reputable settlement administration company, KCC Class Action Services LLC ("KCC"), to serve as the Settlement Administrator. The Court hereby appoints and authorizes KCC to be the Settlement Administrator, and thereby to perform and execute the notice responsibilities set forth in the Settlement Agreement.

10. The Parties, without further approval from the Court, are hereby permitted to revise the Claim Form and forms of Notice to the Settlement Class (Exhibits 1 through 4 of the Settlement Agreement) in ways that are appropriate to update those documents for purposes of accuracy or formatting, so long as they are consistent in all material respects with the Settlement Agreement and this Order.

11. The Court finds that KCC will comply with the notice provisions of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, as described in the Declaration of Carla A. Peak in Support of Settlement Notice Program.

12. The Court orders KCC to send the Postcard Notice and the Email Notice to potential Settlement Class Members by the Notice Deadline, which is 30 Days after entry of this Preliminary Approval Order.

**Submission of Claims and Requests for Exclusion from the Settlement Class**

13. Settlement Class Members who wish to receive benefits under the Settlement must complete and submit a timely and valid Claim Form in accordance with the instructions contained therein. All Claim Forms must be postmarked or electronically submitted by the Claim Deadline, which is 60 Days after the Notice Deadline.

14. Any person falling within the definition of the Settlement Class may, upon valid and timely request, exclude him or herself or "opt out" from the Settlement Class. Any such person may do so if they comply with the exclusion procedures set forth in the Settlement Agreement on or before the Opt-Out Deadline, which is 60 Days after the Notice Deadline. Any members of the Class so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its

benefits.

15. Settlement Class Members who fail to submit a valid and timely Request for Exclusion shall be bound by all terms of the Settlement Agreement and the Final Approval Order (if issued), regardless of whether they have requested exclusion from the Settlement Agreement, regardless of whether they have submitted a Claim Form, and regardless of whether that Claim Form has been deemed valid.

**Objections and Appearances**

16. Any Settlement Class Member who has not timely filed a Request for Exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement, to the Final Approval Order being entered dismissing the Action with prejudice, to the Attorneys' Fees and Costs sought by Class Counsel, or to the Service Awards sought for the Class Representatives as set forth in the Class Notice and the Settlement Agreement.

17. Any Settlement Class Member who wishes to object must do so on or before the Objection Deadline, which is 60 Days after the Notice Deadline. Settlement Class Members shall submit written objections to the Court, either by (1) mailing them to the Clerk of the Court, United States District Court for the Northern District of California, 280 South 1st Street, Room 2112, San Jose, California 95113, (2) filing them in person at any location of the United States District Court for the Northern District of California, or (3) filing them via the ECF electronic filing system.

18. To be valid, an objection must comply with the objection procedures set forth in the Settlement Agreement, must be in writing, must include a caption or title that identifies it as an objection related to *Mitchell v. Intero Real Estate Services*, No. 5:18-cv-05623-BLF, and must include the following: (a) the name, address, and telephone number of the Settlement Class Member objecting and, if different, the telephone number at which the Settlement Class Member was called by Intero during the Settlement Class Period; (b) if represented by counsel, the name, address, and telephone number of the Settlement Class Member's counsel; (c) the basis for the objection; and (d) a statement of whether the Settlement Class Member objecting intends to appear at the Final Approval Hearing, either with or without counsel.

19. Settlement Class Members who fail to file and serve timely written objections in

compliance with the requirements of the foregoing paragraph and the Settlement Agreement shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means, and shall be foreclosed from objecting to any of the following: (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether the Final Approval Order dismissing the Action with prejudice should be entered; (c) whether to approve payment of the Attorneys' Fees and Costs requested by Class Counsel; and (d) whether to approve payment of Service Awards to the Class Representatives as requested by Class Counsel.

**Final Approval Hearing**

20. The Final Approval Hearing shall be held before this Court on ________________, 2022, at _______ in Courtroom 3 at the Robert F. Peckham Federal Building, located at 280 South 1st Street, San Jose, California 95113, such date being at least 155 days after the entry of this Preliminary Approval Order, to determine: (a) whether the proposed Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether the Final Approval Order dismissing the Action with prejudice should be entered; (c) whether to approve payment of the Attorneys' Fees and Costs requested by Class Counsel; and (d) whether to approve payment of the Service Awards to the Class Representatives as requested by Class Counsel.

21. Plaintiffs and Class Counsel shall file their motion seeking final approval of the Settlement by no later than the Final Approval Motion Deadline, which is 30 Days after the Objection Deadline.

22. Plaintiffs and Class Counsel shall file their motion for an award of Attorneys' Fees and Costs and for Service Awards for the Class Representatives by no later than the Fee and Incentive Motion Deadline, which is 25 Days after the Notice Deadline.

**Related Orders**

23. All further proceedings in the Action are ordered stayed until entry of the Final Approval Order or termination of the Settlement Agreement, whichever occurs earlier, except for

those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

24. Settlement Class Members who do not submit a timely Request for Exclusion shall be bound by all determinations and judgments in the Action concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

25. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement Agreement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

26. Any Settlement Class Member who does not submit a timely and valid Claim Form: (a) shall be forever barred from receiving any monetary payment under the Settlement; (b) shall be bound by the provisions of the Settlement Agreement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Final Approval Order, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class Member.

27. If the Settlement receives Final Approval, all Settlement Class Members shall be deemed to have fully, conclusively, irrevocably, forever, and finally released, relinquished, and discharged the Released Persons in all capacities, including individual and trustee capacities, from any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of Final Approval, that relate to or arise out of the calls that were placed through the dialing platform provided by Mojo Dialing Solutions, LLC, the calling records for which appear in one of 35 account files, identified in Appendix A to the Court's Order Granting Class Certification (Docket No. 126). This release includes any and all claims for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 and the regulations promulgated thereunder, and any and all claims for violation of

any laws of any state that regulate, govern, prohibit or restrict the making, placing, dialing or initiating of calls to phone numbers on the NDNCR (or any state law equivalent) or to persons who asked not to be called or to be placed on an internal do-not-call list..

28. The Settlement Agreement shall be terminable by any Party if any of the conditions of Section 3 of the Settlement Agreement are not fully satisfied unless the relevant conditions are waived in writing signed by authorized representatives of Plaintiffs and Intero.

29. The Settlement Agreement shall also terminate at the discretion of Plaintiffs or Intero if, in the good faith exercise of discretion: (1) the Court, or any appellate court(s), rejects, modifies, or denies approval of any portion of the Settlement Agreement or the proposed Settlement that is material, including without limitation, the terms or relief, the findings or conclusions of the Court, the provisions relating to Class Notice, the definition of the Settlement Class, and/or the terms of the Releases; (2) the Court, or any appellate court(s), does not enter or completely affirm, or alters, or restricts, or expands, any portion of the Final Approval Order or Judgment, or any of the Court's findings of fact or conclusions of law, that is material; or (3) if all of the conditions required to be met before the Final Settlement Date do not occur.

30. At its sole discretion, without penalty or sanction, Intero may terminate the Settlement and the Parties will return to their respective positions in the Litigation if more than 5% of the Settlement Class Members properly and timely opt out of the Settlement.

31. If the Settlement Agreement is terminated pursuant to the provisions of the Settlement Agreement or for any reason whatsoever the approval of it does not become Final, then the Settlement shall be null and void from its inception, and the Settling Parties will be restored to their respective positions in the Litigation as of the day prior to the date of the Preliminary Approval Order. In such event, the Parties shall move the Court to vacate any and all orders entered by the Court pursuant to the provisions of the Settlement Agreement, including any order certifying the Settlement Class for settlement purposes. Further, in such event, the terms and provisions of the Settlement Agreement will have no further force and effect with respect to the Settling Parties and will not be used in the Litigation, or in any other proceeding for any purpose, shall not be deemed or construed to be an admission or confession by the Parties of any fact, matter, or proposition of law, and any judgment

or order entered by the Court in accordance with the terms of the Settlement Agreement will be treated as vacated, *nunc pro tunc*.

32. For the sake of clarity, the Court enters the following deadlines for the remainder of the proceedings in this Action:

| Event | Deadline |
|---|---|
| Notice Deadline | 30 Days after the entry of this Preliminary Approval Order |
| Fee and Incentive Motion Deadline | 25 Days after the Notice Deadline |
| Objection Deadline | 60 Days after the Notice Deadline |
| Opt-Out Deadline | 60 Days after the Notice Deadline |
| Claim Deadline | 60 Days after the Notice Deadline |
| Final Approval Motion Deadline | 30 Days after the Objection and Opt-Out Deadline |
| Final Approval Hearing | At least 125 Days after the Notice Deadline (i.e., at least 35 days after the Final Approval Motion Deadline) |
| Deadline for Intero to deposit $350.00 per Approved Claim into an interest-bearing escrow account maintained by the Settlement Administrator | Upon Final Approval of the Settlement, and after receiving specific payment instructions and all required tax information from the Settlement Administrator and all information needed to determine the identities of Claimants |
| Deadline for the Settlement Administrator to have finished processing the claims and to have remitted the appropriate Settlement Relief amounts by check to Claimants | 60 Days after the Final Settlement Date |

**IT IS SO ORDERED.**

Date: ______________________________

______________________________
Honorable Beth Labson Freeman
United States District Judge