Sabita J. Soneji (State Bar No. 224262)
*ssoneji@tzlegal.com*
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, California 94612
Telephone: (510) 254-6808

George V. Granade (State Bar No. 316050)
*ggranade@reesellp.com*
**REESE LLP**
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070

Hassan A. Zavareei (State Bar No. 181547)
*hzavareei@tzlegal.com*
Mark Clifford (*pro hac vice*)
*mclifford@tzlegal.com*
**TYCKO & ZAVAREEI LLP**
1828 L Street, Northwest, Suite 1000
Washington, District of Columbia 20036
Telephone: (202) 973-0900

Michael R. Reese (State Bar No. 206773)
*mreese@reesellp.com*
**REESE LLP**
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500

Brian A. Glasser (*pro hac vice*)
*bglasser@baileyglasser.com*
John W. Barrett (*pro hac vice*)
*jbarrett@baileyglasser.com*
**BAILEY & GLASSER LLP**
209 Capitol Street
Charleston, West Virginia 25301
Telephone: (304) 345-6555

*Counsel for Plaintiffs Ruby Mitchell and*
*Edward J. Kelly and the Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| RUBY MITCHELL *and* EDWARD J. KELLY, *individually, and on behalf of a class of similarly situated persons*,<br><br>Plaintiffs,<br><br>v.<br><br>INTERO REAL ESTATE SERVICES,<br><br>Defendant. | Case No. 5:18-cv-05623-BLF<br><br>**PLAINTIFFS RUBY MITCHELL'S AND EDWARD J. KELLY'S NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: October 20, 2022<br>Time: 9:00 a.m.<br>Place: Courtroom 3, 5th Floor<br>Judge: Honorable Beth Labson Freeman |

**TO THE COURT, ALL PARTIES, AND ALL COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on October 20, 2022 at 9:00 a.m., or as soon thereafter as this matter may be heard, in Courtroom 3, 5th Floor, before the Honorable Beth Labson Freeman, Plaintiffs Ruby Mitchell and Edward J. Kelly (together, "Plaintiffs") will and respectfully hereby move this Court for an award of Attorneys' Fees and Costs in the amount of $2,775,000 and Service Awards in the amount of $5,000 each for Ms. Mitchell and Mr. Kelly.[1]

Plaintiffs base the motion on the following documents: this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the pleadings, record, and other filings in the case; the Declarations of Sabita J. Soneji ("Soneji Decl.") and Michael R. Reese ("Reese Decl."); and such other oral and written points, authorities, and evidence as the parties may present at the time of the hearing on the motion.[2]

Date: June 1, 2022

**TYCKO & ZAVAREEI LLP**

By: /s/ Sabita J. Soneji
Sabita J. Soneji (State Bar No. 224262)
ssoneji@tzlegal.com
1970 Broadway, Suite 1070
Oakland, California 94612
Telephone: (510) 254-6808

**TYCKO & ZAVAREEI LLP**
Hassan A. Zavareei (State Bar No. 181547)
hzavareei@tzlegal.com
Mark Clifford (pro hac vice)
mclifford@tzlegal.com
1828 L Street, Northwest, Suite 1000
Washington, District of Columbia 20036
Telephone: (202) 973-0900

---

[1] October 20, 2022 is the date set by the Court for the Final Approval Hearing. See ECF No. 285. Plaintiffs' Motion for Final Approval will also be noticed for this date, and will be filed no later than August 5, 2022. Id.

[2] As stated in the Settlement Agreement made available to all Class Members, after reimbursement for court approved costs and expenses, Class Counsel will split the fees granted by the Court as follows: 47.5% to Tycko & Zavareei LLP; 47.5% to Reese LLP; and, 5% to Bailey & Glasser LLP. See Stlmt Agmt & Release, ECF No. 277-2, ¶ 15.2.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**REESE LLP**
George V. Granade (State Bar No. 316050)
*ggranade@reesellp.com*
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070
**REESE LLP**
Michael R. Reese (State Bar No. 206773)
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500

**BAILEY & GLASSER LLP**
Brian A. Glasser (*pro hac vice*)
*bglasser@baileyglasser.com*
John W. Barrett (*pro hac vice*)
*jbarrett@baileyglasser.com*
209 Capitol Street
Charleston, West Virginia 25301
Telephone: (304) 345-6555

*Counsel for Plaintiffs Ruby Mitchell and Edward J. Kelly and the Class*

# TABLE OF CONTENTS

**PAGE**

I.   Introduction ............................................................................................................1

II.  Factual and Procedural Background.......................................................................2

III. Argument ...............................................................................................................5

    A.   Legal Standard.............................................................................................5

    B.   Service Awards............................................................................................6

    C.   The Fee Award.............................................................................................7

        1.   Class Counsel's hourly rates are reasonable and have been previously approved by courts across the country......................................................................7

        2.   Class Counsel reasonably spent a significant amount of time litigating this complex class action case against an intransigent defendant................................. 10

        3.   A negative multiplier confirms the reasonableness of Class Counsel's fee request. ......... 13

        4.   A "percentage of the fund" cross-check confirms the reasonableness of Class Counsel's fee request. ...................................................................... 15

IV. Conclusion............................................................................................................ 16

# TABLE OF AUTHORITIES

PAGE(S)

CASES

*Beck v. Test Masters Educ. Servs., Inc.*
73 F. Supp. 3d 12 (D.D.C. 2014) ................................................................. 8

*Broomfield v. Craft Brew All., Inc.*
No. 17-cv-01027-BLF, 2020 WL 1972505 (N.D. Cal. Feb. 5, 2020) ............ 15

*Brown v. Transurban USA, Inc.*
No. 1:15CV494 (JCC/MSN), 2016 WL 6909683 (E.D. Va. Sept. 29, 2016) ............ 8

*Cabiness v. Educ. Fin. Sols., LLC*
No. 16-CV-01109-JST, 2019 WL 1369929 (N.D. Cal. Mar. 26, 2019) ............ 7

*Civil Rights Educ. And Enforcement Ctr. v. Ashford Hospitality Trust, Inc.*
No. 15–cv–00216–DMR, 2016 WL 1177950 (N.D. Cal. Mar. 22, 2016) ............ 9

*Dyer v. Wells Fargo Bank, N.A.*
303 F.R.D. 326 (N.D. Cal. 2014) ................................................................. 13

*Ford v. [24]7.AI, Inc.*
No. 5:18-cv-02770-BLF (N.D. Cal. Jan. 28, 2022) ...................................... 9

*Gutierrez v. Wells Fargo Bank, N.A.*
No. C 07-05923 WHA, 2015 WL 2438274 (N.D. Cal. May 21, 2015) ............ 9

*Hanlon v. Chrysler Corp.*
150 F.3d 1011 (9th Cir. 1998) ..................................................................... 5

*Harris v. Marhoefer*
24 F.3d 16 (9th Cir. 1994) ........................................................................... 6

*Holve v. McCormick & Co., Inc.*
No. 6:16-cv-0672-FPG (W.D.N.Y. Jan. 11, 2022) ...................................... 8

*Ikuseghan v. Multicare Health Sys.*
No. C14-5539 BHS, 2016 WL 4363198 (W.D. Wash. Aug. 16, 2016) ............ 7

*In re Apple Inc. Device Performance Litig.*
No. 5:18-MD-02827-EJD, 2021 WL 1022866 (N.D. Cal. Mar. 17, 2021) ............ 6

*In re Bluetooth Headset Prod. Liab. Litig.*
654 F.3d 935 (9th Cir. 2011) ............................................................6, 14, 15

*In re CenturyLink Sales Pracs. & Sec. Litig.*
No. CV 17-2832, 2020 WL 7133805 (D. Minn. Dec. 4, 2020) ...................... 5

*In re Hill's Pet Nutrition, Inc. Dog Food Products Liability Litig.*
No. 2:19-md-02887-JAR-TJJ (D. Kan. July 30, 2021) ................................ 8

*In re Think Finance, LLC, et al.*
    No. 17-bk-33964 (Bankr. N.D. Tex.) ................................................................. 8

*In re Washington Pub. Power Supply Sys. Sec. Litig.*
    19 F.3d 1291 (9th Cir. 1994) ......................................................................... 9

*Johnson v. Moss Bros. Auto Grp., Inc.*
    No. 19-cv-02456-FMO-SP, 2021 WL 4556052 (C.D. Cal. June 25, 2021) ..................... 14

*Kang v. Wells Fargo Bank, N.A.*
    No. 17-CV-06220-BLF, 2021 WL 5826230 (N.D. Cal. Dec. 8, 2021) ........................... 13

*Kumar v. Salov North America Corp.*
    No. 14-CV-2411-YGR, 2017 WL 2902898 (N.D. Cal. July 7, 2017) ............................ 8

*Kuraica v. Dropbox, Inc.*
    No. 19-CV-06348-BLF, 2021 WL 5826228 (N.D. Cal. Dec. 8, 2021) ........................... 14

*Lashambae v. Capital One Bank, N.A.*
    No. 1:17-cv-06406-VMS (E.D.N.Y. October 1, 2020) ........................................... 8

*LeBlanc-Sternberg v. Fletcher*
    143 F.3d 748 (2d Cir. 1998) .......................................................................... 9

*Luib v. Henkel Consumer Goods, Inc.*
    No. 1:17-cv-03021-BMC (E.D.N.Y. August 20, 2019) ......................................... 8

*Meta v. Target Corp., et al.*
    No. 14-cv-0832 (N.D. Ohio Aug. 7, 2018) ....................................................... 8

*Miletak v. Allstate Ins. Co.*
    No. C 06-03778 JW, 2012 WL 12924933 (N.D. Cal. July 12, 2012) ........................... 5

*Missouri v. Jenkins*
    491 U.S. 274 (1989) .................................................................................. 9

*Moore v. Verizon Commc'ns Inc.*
    No. C 09-1823 SBA, 2014 WL 588035 (N.D. Cal. Feb. 14, 2014) ............................. 6

*Moreno v. Capital Bldg. Maint. & Cleaning Servs.*
    No. 19-cv-07087-DMR, 2021 WL 4133860 (N.D. Cal. Sep. 10, 2021) ......................... 14

*Noll v. eBay, Inc.*
    309 F.R.D. 593 (N.D. Cal. 2015) .................................................................. 13

*Norton v. LVNV Funding, LLC*
    No. 18-CV-05051-DMR, 2021 WL 3129568 (N.D. Cal. July 23, 2021)...................6, 7, 14

*Odom v. ECA Mktg., Inc.*
    No. 20-cv-00851-JGB-SHK, 2021 WL 4803488 (C.D. Cal. May 27, 2021) ..................... 14

*Powers v. Eichen*
    229 F.3d 1249 (9th Cir. 2000) ..................................................................... 15

*Rodriguez v. West Publ'g Corp.*
    563 F.3d 948 (9th Cir. 2009) ............................................................................... 5

*Shirrod v. Dir., Office of Workers' Comp. Programs*
    809 F.3d 1082 (9th Cir. 2015) ............................................................................. 7

*Small v. BOKF, N.A.*
    No. 1:13-cv-01125-REB-MJW (D. Colo.) ............................................................. 8

*Soule v. Hilton Worldwide Inc.*
    No. CV 13-00652 ACK-RLP, 2015 WL 12827769 (D. Haw. Aug. 25, 2015) ................ 8

*Stathakos v. Columbia Sportswear Co.*
    No. 15-CV-04543-YGR, 2018 WL 1710075 (N.D. Cal. Apr. 9, 2018) ........................ 8

*Superior Consulting Servs., Inc. v. Steeves-Kiss*
    No. 17-cv-06059-EMC, 2018 WL 2183295 (N.D. Cal. May 11, 2018) ....................... 9

*Van Vranken v. Atl. Richfield Co.*
    901 F. Supp. 294 (N.D. Cal. 1995) ...................................................................... 5

*Vandervort v. Balboa Cap. Corp.*
    8 F. Supp. 3d 1200 (C.D. Cal. 2014) .................................................................... 7

*Vincent v. Hughes Air W., Inc.*
    557 F.2d 759 (9th Cir. 1977) ............................................................................... 6

*Vizcaino v. Microsoft Corp.*
    290 F.3d 1043 (9th Cir. 2002) ............................................................................ 13

*Wehlage v. Evergreen at Arvin LLC*
    No. 4:10-CV-05839-CW, 2012 WL 4755371 (N.D. Cal. Oct. 4, 2012) ....................... 5

*Wong v. Arlo Techs., Inc.*
    No. 5:19-CV-00372-BLF, 2021 WL 1531171 (N.D. Cal. Apr. 19, 2021) ..................... 7

**STATUTES**

47 U.S.C. § 227 ......................................................................................................... 2

CAL. BUS. & PROF. CODE § 17200 *et seq.* ................................................................ 2

**REGULATIONS**

47 C.F.R. § 64.1200 ................................................................................................... 2

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.      Introduction**

3

Through this Motion, Class Representatives Ruby Mitchell and Edward J. Kelly (together,

4

"Plaintiffs") and Class Counsel[1] move the Court to approve an award of Attorneys' Fees and Costs in

5

the amount of $2,775,000, and for Service Awards in the amount of $5,000 to each of Ms. Mitchell

6

and Mr. Kelly.

7

The Settlement Agreement, for which this Court granted Preliminary Approval on April 7,

8

2022, provides that Class Counsel may seek up to $2,775,000 in attorneys' fees and costs; that Intero

9

may oppose this request; and that Intero has agreed to pay the amount the Court approves separate

10

and apart from the money made available to the Settlement Class and for payment of Claims and

11

Notice and Administrative Costs. §§ 5.2, 6.3.2, 15.1. Any portion of the requested Attorneys' Fees and

12

Costs that the Court does not approve will be distributed *pro rata* to Claimants and will under no

13

circumstances be returned to Intero. § 15.1.[2] The Settlement Agreement also contemplates that Ms.

14

Kelly and Mr. Mitchell may petition the Court for Service Awards in the amount of $5,000 each, and

15

that Intero will pay the Service Awards approved by the Court separate and apart from the money

16

made available to the Settlement Class. § 15.4.

17

In light of the excellent relief attained and the significant work performed by Class Counsel—

18

who dedicated 5,224.8 hours of attorney and paralegal time over nearly three and half years of hard-

19

fought litigation on a contingency basis with no guarantee of payment—and the substantial time and

20

effort dedicated to this matter by Ms. Mitchell and Mr. Kelly, the Attorneys' Fees and Costs and the

21

Service Awards sought in this Motion are reasonable. The $2,775,000 requested for Attorneys' Fees

22

---

23

[1] Unless otherwise indicated, capitalized terms are defined in the Settlement Agreement and Release.

24

*See generally* Stlmt Agmt & Release, ECF No. 277-2. And unless otherwise specified, all section (§)

25

references are to sections of the Settlement Agreement.

26

[2] Importantly, payment of the $350 Cash Awards to the Settlement Class Members is not contingent

27

upon approval of the requested Attorneys' Fees and Costs, §§ 15.1, 15.5-6, and Intero retains the right

28

to object to the petition for Attorneys' Fees and Costs or any part thereof, § 15.1.

1   and Costs represents a lodestar multiplier of .62 or less on Class Counsel's lodestar of $3,946,054.90,

2   and represents only 17.1% of the total constructive value of the Settlement—well below the Ninth

3   Circuit's 25% benchmark. The $5,000 Service Awards sought for Ms. Mitchell and Mr. Kelly are

4   presumptively reasonable in the Ninth Circuit, particularly considering the significant time and effort

5   both Plaintiffs devoted to this case—including responding to discovery, reviewing pleadings, sitting

6   for depositions, attending settlement conferences, and reviewing and approving the Settlement

7   Agreement.

8   **II.    Factual and Procedural Background**

9          On September 13, 2018, former named plaintiff Ronald Chinitz initiated a class action lawsuit

10  alleging Intero violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and its

11  implementing regulations, 47 C.F.R. § 64.1200, as well as California's Unfair Competition Law, CAL.

12  BUS. & PROF. CODE § 17200 *et seq.* ("UCL"). Compl., ECF No. 1. Mr. Chinitz alleged he received, *inter*

13  *alia*, unwanted telephone solicitations on behalf of Intero to residential telephone lines he had

14  previously registered on the National Do Not Call Registry and repeated unwanted telemarketing calls

15  on his residential telephone lines after he had asked Intero and/or its agents not to call him back.

16         Intero answered the Complaint on November 7, 2018, ECF No. 9, and the Parties commenced

17  discovery. Class Counsel served written discovery on Intero and third parties including Mojo Dialing

18  Solutions, LLC ("Mojo"), deposed numerous Intero real estate agents and an Intero corporate

19  representative pursuant to Rule 30(b)(6), and Intero served written discovery requests upon Mr.

20  Chinitz and deposed him. Soneji Decl. ¶¶ 6-10; Reese Decl. ¶¶ 25-27. On January 17, 2020, Mr. Chinitz

21  moved to certify, among other classes, a National DNC Class and an Internal DNC Class, and the

22  Parties fully briefed the motion, with Mr. Chinitz narrowing the National DNC Class in his reply. On

23  July 22, 2020, the Court certified the National DNC Class and the Internal DNC Class (the latter as

24  to injunctive relief only). Order at 27, ECF No. 126. On September 23, 2020, the Court denied Intero's

25  motion for reconsideration of the order certifying the classes, ECF No. 138, and on October 19, 2020,

26  the Ninth Circuit denied Intero's Rule 23(f) petition, ECF No. 143. On August 21, 2020, Mr. Chinitz

27  sought approval of a class notice plan for the National DNC Class, and the Parties fully briefed the

28  motion. On December 1, 2020, the Court approved in part the proposed notice plan. ECF No. 151.

On January 21, 2021, Plaintiffs moved for partial summary judgment and Intero moved for summary judgment, and the Parties fully briefed the motions. On March 23, 2021, Plaintiffs filed a motion to amend the scheduling order, amend the Complaint, and substitute the class representative ("Motion to Substitute") because Mr. Chinitz, unbeknownst to Class Counsel, had attempted to negotiate a settlement directly with Intero. *See* ECF No. 178-1. On April 12, 2021, the Court granted in part and denied in part the certified class's motion for partial summary judgment, holding that Intero is "vicariously liable for calls made by its corporate sales associates and agents based on apparent authority." Order at 8, ECF No. 191. The Court also denied Intero's summary judgment motion, except as to the UCL claim, which it dismissed as Plaintiffs had previously abandoned this claim. *Id.* at 13-16.

On May 4, 2021, the Court granted the Motion to Substitute and, on May 6, 2021, adopted Plaintiffs' proposed schedule for additional discovery and briefing, to conclude as of September 1, 2021, as a result of the substitution of Mr. Chinitz with current named Plaintiffs Ruby Mitchell and Edward J. Kelly. *See* ECF Nos. 210, 213. Also on May 6, 2021, Plaintiffs filed a First Amended Complaint adding allegations specific to Ms. Mitchell and Mr. Kelly. *See* ECF No. 211. Intero moved to dismiss, the Parties fully briefed the motion, and on June 16, 2021, the Court granted in part and denied in part the motion to dismiss, dismissing only the UCL claim. ECF No. 221. On June 30, 2021, Intero filed an amended answer. ECF No. 226.

Before and during the limited discovery period, the Parties conducted additional discovery, including written requests by both Parties and depositions by Intero of both Plaintiffs. Soneji Decl. ¶ 15; Reese Decl. ¶ 27. Plaintiffs also deposed a corporate representative of Intero pursuant to Rule 30(b)(6) regarding the affirmative defenses Intero added to its amended answer. Soneji Decl. ¶ 15; Reese Decl. ¶ 27. On July 26, 2021, Intero sought leave to file an additional motion for summary judgment, which the Court granted on July 30, 2021. ECF No. 236. On August 6, 2021, Intero moved for summary judgment as to Plaintiffs' individual claims, and the Parties fully briefed the motion by August 31, 2021. On August 11, 2021, Plaintiffs moved for appointment as the class representatives, and the Parties fully briefed the motion by September 1, 2021.

Meanwhile, on April 1, 2021, the Court referred the Parties to Chief United States Magistrate

Judge Joseph C. Spero for settlement discussions.[3] ECF No. 186. On April 13, 2021, as a result of Intero's professed limited ability to pay any judgment secured at trial, Chief Magistrate Judge Spero ordered Intero to produce to Plaintiffs, for settlement purposes only, audited profit and loss statements and balance sheets for the preceding three years, along with any applicable insurance policies. ECF Nos. 192 & 193. In advance of the settlement conference, Intero provided to Class Counsel an unaudited income statement, a balance sheet, and unfiled tax returns for the preceding three years, all of which provided information related to Intero's ability to pay for a class-wide settlement and all of which Intero attests are accurate. Soneji Decl. ¶ 21; Reese Decl. ¶¶ 31-32; Settlement Agreement § 9.2.2. Class Counsel subsequently hired a forensic accounting expert to examine the financials provided by Defendant.

On July 21, 2021, the Parties engaged in a Zoom settlement conference before Chief Magistrate Judge Spero, which Plaintiffs Ruby Mitchell and Edward J. Kelly and representatives of Intero, including CEO Brian Crane, attended. ECF No. 232. The case did not settle, and so on September 9, 2021, the Parties took part in another Zoom settlement conference before Chief Magistrate Judge Spero, which was attended by representatives of Intero, including CEO Brian Crane. ECF No. 261. While the case again did not settle, by the end of the day, the parties had made progress toward agreement on the terms of the Settlement relief for the Settlement Class. Soneji Decl. ¶ 23; Reese Decl. ¶ 33. Chief Magistrate Judge Spero scheduled an additional 2.5 hour settlement conference on September 22, 2021, at which the Parties reached agreement in principle on the terms of a settlement of the entire case. *See* ECF Nos. 265 & 267. They then negotiated the precise terms of the Settlement Agreement, which was executed on October 27, 2021. Soneji Decl. ¶ 26; Reese Decl. ¶¶ 33-35. Ms. Mitchell and Mr. Kelly filed their Motion for Preliminary Approval on October 29, 2021. *See* ECF Nos. 277, 279. The Parties did not discuss fees and expenses until after agreement on the terms of the settlement for the class. Soneji Decl. ¶ 25; Reese Decl. ¶ 34. This Court held a hearing

---

[3] The Parties previously had participated in a mediation on May 21, 2019 before the Honorable Maria-Elena James (Ret.) in Oakland, California. That mediation did not result in a settlement, and, consequently the Parties continued litigation.

1   on the Motion for Preliminary Approval on April 7, 2022, and entered an order granting preliminary

2   approval the same day. *See* ECF No. 285.

3   **III.    Argument**

4       **A.        Legal Standard**

5         Courts routinely approve Service Awards for Class Representatives in the Ninth Circuit. In

6   deciding whether to approve such an award, a court should consider: "(1) the risk to the class

7   representative in commencing suit, both financial and otherwise; (2) the notoriety and personal

8   difficulty encountered by the class representative; (3) the amount of time and effort spent by the class

9   representative; (4) the duration of the litigation and; (5) the personal benefit (or lack thereof) enjoyed

10  by the class as a result of the litigation." *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp.

11  294, 299 (N.D. Cal. 1995). Further, as a matter of public policy, representative service awards are

12  necessary to encourage consumers to take on the reputational risk to formally challenge unfair business

13  practices. *See, e.g., Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009) (upholding award

14  of service awards to class representatives as they "compensate class representatives for work done on

15  behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and,

16  sometimes, to recognize their willingness to act as a private attorney general"); *Wehlage v. Evergreen at*

17  *Arvin LLC*, No. 4:10-CV-05839-CW, 2012 WL 4755371, at *5 (N.D. Cal. Oct. 4, 2012) (finding service

18  award justified for plaintiffs "lending their names to this case, and thus subjecting themselves to public

19  attention"); *Miletak v. Allstate Ins. Co.*, No. C 06-03778 JW, 2012 WL 12924933, at *2 (N.D. Cal. July

20  12, 2012) (same); *In re CenturyLink Sales Pracs. & Sec. Litig.*, No. CV 17-2832, 2020 WL 7133805, at *13

21  (D. Minn. Dec. 4, 2020) (awarding service award because "Class Representatives participated and

22  willingly took on the responsibility of prosecuting the case and publicly lending their names to this

23  lawsuit, opening themselves up to scrutiny and attention from both the public and media").

24        As to attorneys' fees, in cases like this where monetary relief is made available to class members

25  on a claims-made basis (no common fund), courts in the Ninth Circuit default to analyzing an

26  attorneys' fee request and issue an award based on the lodestar method. *See, e.g., Hanlon v. Chrysler*

27  *Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (affirming choice of lodestar method where calculation of

28  value of common fund was uncertain); *Norton v. LVNV Funding, LLC*, No. 18-CV-05051-DMR, 2021

WL 3129568, at *11 (N.D. Cal. July 23, 2021) ("For claims-made settlements, like the one in this case, the lodestar method is appropriate."); *In re Apple Inc. Device Performance Litig.*, No. 5:18-MD-02827-EJD, 2021 WL 1022866, at *1 (N.D. Cal. Mar. 17, 2021) ("The lodestar method is . . . appropriate for 'claims-made' settlements.") (internal quotation marks and citation omitted); *Moore v. Verizon Commc'ns Inc.*, No. C 09-1823 SBA, 2014 WL 588035, at *10 (N.D. Cal. Feb. 14, 2014) ("Caselaw from this District supports the conclusion that the claims-based nature of this settlement weighs in favor of a lodestar approach."). Courts may then apply a "percentage of the fund" analysis as a cross-check to confirm the reasonableness of the fee award. *See In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 944 (9th Cir. 2011) ("[W]e have also encouraged courts to guard against an unreasonable result by cross-checking their calculations against a second method . . . . [T]he percentage-of-recovery method can . . . be used to assure that counsel's fee does not dwarf class recovery.") (internal quotation marks and citations omitted).

Finally, as to litigation expenses and costs, Class Counsel are typically entitled to reimbursement of all reasonable out-of-pocket expenses and costs incurred in prosecution of the claims and in obtaining a settlement. *See Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994); *Vincent v. Hughes Air W., Inc.*, 557 F.2d 759, 769 (9th Cir. 1977).

**B.    Service Awards**

Class Counsel seek a $5,000 Service Award for each Class Representative, Ruby Mitchell and Edward J. Kelly, in recognition of their contributions on behalf of the Settlement Class. Not only did Ms. Mitchell and Mr. Kelly publicly attach their names to this class action case against a prominent business in their community, but they devoted substantial time and effort in bringing this case to a timely resolution. Both Ms. Mitchell and Mr. Kelly: (1) corresponded and had conversations with Class Counsel before the filing of the First Amended Complaint; (2) reviewed the First Amended Complaint before it was filed; (3) worked with Class Counsel to respond to Interrogatories; (4) searched for and worked with Class Counsel to produce documents in response to Requests for Production; (5) sat for depositions; (6) participated in the July 21, 2021 settlement conference before Chief Magistrate Judge Spero and made themselves available by telephone for the other settlement conferences; (7) coordinated with Class Counsel regarding logistics for appearing at the anticipated trial; and (8)

reviewed the Settlement Agreement before it was filed with the Court. *See* Soneji Decl. ¶¶ 27-33; Reese Decl. ¶¶ 36-41. Under these circumstances, a $5,000 service award for each of Ms. Mitchell and Mr. Kelly is justified. *See Wong v. Arlo Techs., Inc.,* No. 5:19-CV-00372-BLF, 2021 WL 1531171, at *12 (N.D. Cal. Apr. 19, 2021) ("Service awards as high as $5,000 are presumptively reasonable in this judicial district.").

Moreover, the requested service award is in line with amounts approved for other class representatives in TCPA cases in the Ninth Circuit. *See, e.g., Cabiness v. Educ. Fin. Sols., LLC*, No. 16-CV-01109-JST, 2019 WL 1369929, at *8 (N.D. Cal. Mar. 26, 2019) (approving $5,000 service award for class representative in TCPA case); *Vandervort v. Balboa Cap. Corp.*, 8 F. Supp. 3d 1200, 1208 (C.D. Cal. 2014) (approving "a combined $10,000 incentive award" for two plaintiffs in TCPA case); *Ikuseghan v. Multicare Health Sys.*, No. C14-5539 BHS, 2016 WL 4363198, at *3 (W.D. Wash. Aug. 16, 2016) (approving a $15,000 service award for class representative in TCPA case). Consistent with these cases, and in recognition of the time, effort, and risk taken on behalf of the Settlement Class, Ms. Mitchell and Mr. Kelly request that the Court approve the requested Service Awards.

## C.    The Fee Award

"For claims-made settlements, like the one in this case, the lodestar method is appropriate." *Norton*, 2021 WL 3129568 at *11. Under the lodestar approach, Class Counsel's fee is determined by "multiplying a reasonable hourly rate by the number of hours reasonably expended on the case." *Shirrod v. Dir., Office of Workers' Comp. Programs*, 809 F.3d 1082, 1086 (9th Cir. 2015). Here, class counsel have incurred a lodestar of $3,946,054.90 reflecting 5,224.8 hours of work on this matter. Both the hourly rates and the numbers of hours expended on this complex, hard-fought case establish that this total lodestar amount is reasonable.

### 1.    Class Counsel's hourly rates are reasonable and have been previously approved by courts across the country.

As attested to in Class Counsel's declarations, Class Counsel's rates are the prevailing rates in the appropriate legal markets, and are reasonable. Soneji Decl. ¶¶ 34-40; Reese Decl. ¶¶ 43-46.

Reese LLP, Tycko & Zavareei LLP, and Bailey & Glasser LLP are seeking hourly rates in line with that billed by attorneys of comparable experience and skill; those historically billed by attorneys

1   at Reese LLP, Tycko & Zavareei, and Bailey & Glasser; and, hourly rates approved by this Court and

2   other courts of the Northern District of California. Soneji Decl. ¶¶ 34-40; Reese Decl. ¶¶ 43-46.

3       The rates charged by Reese LLP, Tycko & Zavareei, and Bailey & Glasser have been deemed

4   reasonable in connection with the approval of their fee applications in other recent cases. Reese LLP,

5   based in New York, has been awarded fees based on its hourly rates, which are consistent with New

6   York market rates. *See, e.g.*, *Holve v. McCormick & Co., Inc.*, No. 6:16-cv-0672-FPG (W.D.N.Y. Jan. 11,

7   2022) (granting fee award based upon Reese LLP prior hourly rate of $1050 for Michael Reese); *In re*

8   *Hill's Pet Nutrition, Inc. Dog Food Products Liability Litig.*, No. 2:19-md-02887-JAR-TJJ (D. Kan. July 30,

9   2021) (granting fee award based upon Reese LLP then hourly rate of $975 for Michael Reese);

10   *Lashambae v. Capital One Bank, N.A.*, No. 1:17-cv-06406-VMS (E.D.N.Y. October 1, 2020) (granting

11   fee award based upon Reese LLP then hourly rate of $950 for Michael Reese); *Luib v. Henkel Consumer*

12   *Goods, Inc.*, No. 1:17-cv-03021-BMC (E.D.N.Y. August 20, 2019) (granting fee award based upon

13   Reese LLP then hourly rate of $900 for Michael Reese). *See* Reese Decl. ¶¶43-46.

14       Both Tycko & Zavareei and Bailey & Glasser are seeking hourly rates as determined by the

15   Adjusted Laffey Matrix, which is the most commonly-used fee matrix for determining fees in complex

16   cases in the D.C. Circuit and provides the standard hourly rates for attorneys practicing in Washington,

17   D.C., where Tycko & Zavareei and Bailey & Glasser are located. The rates charged by Tycko &

18   Zavareei and Bailey & Glasser have been applied in connection with the approval of their fee

19   applications in other recent matters. *See, e.g.*, *Kumar v. Salov North America Corp.*, No. 14-CV-2411-YGR,

20   2017 WL 2902898 (N.D. Cal. July 7, 2017) (approving Tycko & Zavareei rates as "reasonable and

21   commensurate with those charged by attorneys with similar experience in the market"); *Stathakos v.*

22   *Columbia Sportswear Co.*, No. 15-CV-04543-YGR, 2018 WL 1710075, at *6 (N.D. Cal. Apr. 9, 2018);

23   *Meta v. Target Corp., et al.*, No. 14-cv-0832 (N.D. Ohio Aug. 7, 2018), Dkt. 179; *In re Think Finance,*

24   *LLC, et al.*, No. 17-bk-33964 (Bankr. N.D. Tex.); *Brown v. Transurban USA, Inc.*, No. 1:15CV494

25   (JCC/MSN), 2016 WL 6909683 (E.D. Va. Sept. 29, 2016); *Small v. BOKF, N.A.*, No. 1:13-cv-01125-

26   REB-MJW (D. Colo.); *Soule v. Hilton Worldwide, Inc.*, No. CV 13-00652 ACK-RLP, 2015 WL 12827769

27   (D. Haw. Aug. 25, 2015); *Beck v. Test Masters Educ. Servs., Inc.*, 73 F. Supp. 3d 12 (D.D.C. 2014). *See*

28   Soneji Decl. ¶ 37.

Courts in other cases over the past several years have also approved similar fees charged by other firms. Notably, this Court recently approved of a fee award in which attorneys of comparable skill and experience billed up to $1190 per hour. *See Ford v. [24]7.AI, Inc.*, No. 5:18-cv-02770-BLF (N.D. Cal. Jan. 28, 2022) (approving fee where attorney hourly rate was $1190). This Court's decision in *Ford* is squarely in line with decisions within this District approving fee awards to complex class action litigation attorneys based on similar rates over the last several years. *See e.g.*, *Superior Consulting Servs., Inc. v. Steeves-Kiss*, No. 17-cv-06059-EMC, 2018 WL 2183295, at *5 (N.D. Cal. May 11, 2018) ("[D]istrict courts in Northern California have found that rates of $475 to $975 per hour for partners and $300 to $490 per hour for associates are reasonable."); *Civil Rights Educ. And Enforcement Ctr. v. Ashford Hospitality Trust, Inc.*, No. 15–cv–00216–DMR, 2016 WL 1177950 (N.D. Cal. Mar. 22, 2016) (finding that requested hourly rates of up to $900 for attorneys and $225 for paralegals were "in line with the market rates charged by attorneys and paralegals of similar experience, skill, and expertise practicing in the Northern District of California"); *Gutierrez v. Wells Fargo Bank, N.A.*, No. C 07-05923 WHA, 2015 WL 2438274, at *5 (N.D. Cal. May 21, 2015) (finding reasonable rates for Bay Area attorneys up to $975 for partners and up to $490 for associates). Additionally, these hourly rates are similar to those charged by the defense bar in complex litigation. *See* National Association of Legal Fee Analysis, July 23, 2018 available at *https://www.thenalfa.org/ blog/law-s-1-000-plus-hourly-rate-club* ("Kirk A. Radke [from] Kirkland & Ellis LLP in New York had an hourly fee of $1,250 [as early as 2010] . . . lawyer John M. Reiss, from White & Case in New York, started billing $1,100 an hour last year [2017]").

Lastly, Class Counsel calculated their lodestar using their firms' current hourly rates. Relying on Class Counsel's current rates is appropriate given the deferred and contingent nature of counsel's compensation. *See LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 764 (2d Cir. 1998) ("[C]urrent rates, rather than historical rates, should be applied in order to compensate for the delay in payment . . . .") (citing *Missouri v. Jenkins*, 491 U.S. 274, 283-84 (1989)); *see also In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1305 (9th Cir. 1994) ("The district court has discretion to compensate delay in payment in one of two ways: (1) by applying the attorneys' current rates to all hours billed during the course of litigation; or (2) by using the attorneys' historical rates and adding a prime rate enhancement."). Using

current rates, rather than historical rates, will fairly compensate Class Counsel for the significant risk of nonpayment taken on in connection with this matter.

> **2. Class Counsel reasonably spent a significant amount of time litigating this complex class action case against an intransigent defendant.**

The number of hours Class Counsel devoted to litigating this hotly contested case is also reasonable given the length of the litigation, the complexity of the case, the intransigency of the defendant, and the amount of relief recovered for the Settlement Class Members. As stated in their respective firms' declarations, Class Counsel have logged 5,224.8 hours in uncompensated time in order to achieve the Settlement in this case, which multiplied by their respective current hourly rates equals $3,946,054.90 in attorneys' fees billed to date. Soneji Decl. ¶¶ 34, 39 & Exs. A, C; Reese Decl. ¶ 42 & Ex. 1.

While substantial, this lodestar reflects the significant effort that Class Counsel put into litigating this case. *See, e.g.*, Section II, *supra*. Class Counsel's efforts to date include, without limitation:

- Pre-filing investigation;

- Drafting and filing a class action Complaint;

- Preparing and serving Initial Disclosures, Requests for Interrogatories, Requests for the Production of Documents, and reviewing Intero's responses to the same;

- Serving subpoenas *duces tecum* on third parties including Mojo Dialing Solutions, LLC ("Mojo") and successfully litigating a Motion to Compel compliance with the same;

- Deposing numerous Intero real estate agents, Intero's two testifying experts, and Intero's corporate representatives under Federal Rule of Civil Procedure 30(b)(6);

- Successfully litigating a Motion to Compel after Intero's counsel refused to accept service of document subpoenas for certain third-party Intero agents that counsel represented at deposition;

- Responding to discovery requests served on the original named plaintiff, Ronald Chinitz, and defending the deposition of Mr. Chinitz;

- Engaging in numerous meet-and-confer calls and correspondence with Intero's counsel regarding discovery deficiencies;

- Conducting open-source research to identify relevant information not produced by Intero during discovery;

- Drafting and litigating a Motion for Sanctions and a Motion for Adverse Inference Jury Instructions following Intero's spoliation of relevant evidence, the latter of which was granted in part;

- Drafting and litigating a successful Motion for Class Certification and related *Daubert* and evidentiary motions, including motions to strike or exclude Plaintiff's expert's testimony;

- Worked with Plaintiff's expert, Anya Verkhovskaya, to analyze voluminous call records produced by Intero and third-party Mojo to determine the telephone numbers that were eligible for Class membership;

- Preparing Ms. Verkhovskaya for and defending her deposition;

- Successfully opposing Intero's Motion for Reconsideration of the Court's Class Certification Order;

- Successfully opposing Intero's Rule 23(f) petition seeking appellate review of the Court's Class Certification Order;

- Drafting and litigating a successful Motion for Approval of Class Notice Plan;

- Opposing Intero's Motion for Leave to Amend Answer to add new affirmative defenses;

- Drafting and litigating a successful Motion for Partial Summary Judgment;

- Successfully opposing Intero's Motion for Summary Judgment;

- Drafting and litigating a successful Motion to Amend Scheduling Order, Amend Complaint, and Substitute Class Representative after the former class representative, Mr. Chinitz, improperly engaged in *ex-parte* settlement negotiations with Intero's Chief Executive Officer and in-house counsel without informing Class Counsel;

- Filing a successful Motion for Leave to Withdraw as Mr. Chinitz's counsel;

- Vetting the new class representatives that replaced Mr. Chinitz—i.e., Ruby Mitchell and Edward J. Kelly;

- Drafting a First Amended Class Action Complaint;
- Successfully opposing Intero's Motion to Dismiss the First Amended Class Action Complaint;
- Responding to discovery requests served on Ms. Mitchell and Mr. Kelly, and defending the depositions of Ms. Mitchell and Mr. Kelly;
- Preparing and serving written discovery on new affirmative defenses raised by Intero in response to the First Amended Complaint, and deposing Intero's corporate representative under Federal Rule of Civil Procedure 30(b)(6) regarding the same;
- Successfully opposing two motions to compel filed by Intero regarding discovery sought of Ms. Mitchell and Mr. Kelly, as well as successfully opposing two motions for reconsideration of the magistrate's orders on the same;
- Briefing a Motion to Appoint Ms. Mitchell and Mr. Kelly as Class Representatives of the Certified Classes;
- Opposing Intero's renewed Motion for Summary Judgment;
- Opposing Intero's Motion to Stay Pending the Ninth Circuit's *En Banc* Ruling in *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*;
- Reviewing, and retaining an expert to analyze, Intero's tax returns and financial statements after it claimed an inability to pay a large settlement or judgment;
- Preparing pre-trial briefing and other trial materials in anticipation of trial and engaging in multiple meet-and-confer calls and correspondence with Intero regarding the same;
- Drafting a comprehensive mediation statement and participating in three settlement conferences before Chief Magistrate Judge Spero;
- Negotiating and drafting the Settlement Agreement along with corresponding documents, including claim forms, summary notice, and long-form notice;
- Filing the successful Motion for Preliminary Approval and supporting documents;
- Reviewing and responding to communications from Settlement Class Members;
- Supervising the work of the Claims Administrator; and
- Preparing the instant Motion and supporting documentation.

1    Soneji Decl. ¶¶ 4-26, Reese Decl. ¶¶ 6-9, 11-35.

2         Further, Class Counsel anticipate expending additional time and effort through final approval

3    to respond to inquiries from Settlement Class Members, respond to any potential objectors, prepare

4    final approval papers, review claims, and advocate on behalf of the Settlement Class Members in the

5    event a claim is wrongfully denied. *See* Soneji Decl. ¶ 40. Class Counsel estimates that approximately

6    no less than 70 hours of work will be required to see this matter to completion, assuming no objections

7    are filed. *Id.* These additional hours will almost certainly increase the lodestar. *Id.* Thus, it is likely that

8    by the time this matter is closed, the total lodestar will be approaching, if not exceeding, $4 million.

9         **3.   A negative multiplier confirms the reasonableness of Class Counsel's fee request.**

10

11        Although Class Counsel's lodestar is currently $3,946,054.90, this motion seeks only

12   $2,775,000 as compensation for both Class Counsel's attorneys' fees *and* their litigation costs and

13   expenses. To date, Class Counsel's litigation costs total $349,695.56, including expert fees of

14   $160,530.05. Soneji Decl. ¶ 35 & Ex. B; Reese Decl. ¶ 47 & Ex. 2. After subtracting these litigation

15   costs from the $2,775,000 figure, Class Counsel's request is properly interpreted as a request for an

16   award of attorneys' fees in the amount of $2,425,304.44. This amount reflects a *negative* lodestar

17   multiplier of approximately 0.62 or less on Class Counsel's lodestar of $3,946,054.90. *See* Soneji Decl.

18   ¶¶ 34, 39 & Exs. A, C; Reese Decl. ¶ 42 & Ex. 1.[4]

19        In contingency fee cases such as this, courts often award *multiples* of Class Counsel's lodestar.

20   *See, e.g., Kang v. Wells Fargo Bank, N.A.*, No. 17-CV-06220-BLF, 2021 WL 5826230, at *17 (N.D. Cal.

21   Dec. 8, 2021) ("The Ninth Circuit has recognized that multipliers generally range from 1 to 4.") (citing

22   *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 n.6 (9th Cir. 2002)); *Noll v. eBay, Inc.*, 309 F.R.D. 593,

23   610 (N.D. Cal. 2015) (listing multipliers as high as 5.2 among "the range of acceptable lodestar

24   multipliers"); *Dyer v. Wells Fargo Bank, N.A.*, 303 F.R.D. 326, 334 (N.D. Cal. 2014) ("A 2.83 multiplier

25   falls within the Ninth Circuit's presumptively acceptable range of 1.0–4.0.").

26

27   _____
     [4] Even if litigation costs and expenses were not excluded from the calculation, an award of $2,775,000

28   would still reflect a negative multiplier (0.7) on Class Counsel's lodestar of $3,946,054.90.

1    As this Court previously recognized, a negative lodestar multiplier provides a strong indication

2    that Class Counsel's fee request is reasonable. *See Kuraica v. Dropbox, Inc.*, No. 19-CV-06348-BLF, 2021

3    WL 5826228, at *7 (N.D. Cal. Dec. 8, 2021) ("A negative multiple 'strongly suggests the

4    reasonableness of [a] negotiated fee.'") (quoting *Moreno v. Capital Bldg. Maint. & Cleaning Servs.*, No. 19-

5    cv-07087-DMR, 2021 WL 4133860, at *6 (N.D. Cal. Sep. 10, 2021)); *see also, e.g., Norton v. LVNV*

6    *Funding, LLC*, No. 18-CV-05051-DMR, 2021 WL 3129568, at *11 (N.D. Cal. July 23, 2021) ("Given

7    that contingency cases may warrant a positive multiplier, the negative multiplier weighs in favor of

8    reasonableness.").

9    Moreover, the factors that courts consider when contemplating a lodestar multiplier actually

10   favor an *increase* in the amount of fees awarded here, yet Class Counsel are seeking the opposite—a

11   negative multiplier. *See In re Bluetooth*, 654 F.3d at 941-42 ("Though the lodestar figure is 'presumptively

12   reasonable,' the court may adjust it upward or downward by an appropriate positive or negative

13   multiplier reflecting a host of 'reasonableness' factors, including the quality of representation, the

14   benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of

15   nonpayment.") (internal quotation marks and citations omitted). Here, Class Counsel have provided

16   thorough, quality representation in the face of numerous complex challenges and defenses raised by

17   Intero. *See* Section III.C.2, *supra* (describing Class Counsel's multiple successes throughout the

18   litigation in the face of Intero's aggressive defense strategy). Class Counsel also faced a real risk of

19   non-payment, as they litigated this case entirely on a contingency basis. *See* Soneji Decl. ¶ 36. Finally,

20   Class Counsel obtained an excellent result. In addition to injunctive relief that will bar Intero from

21   future TCPA violations, the $350 recovery for each Settlement Class Member who submits an

22   Approved Claim far exceeds awards in other TCPA cases, which is all the more remarkable given

23   Intero's stated inability to pay a large judgment. *See, e.g., Johnson v. Moss Bros. Auto Grp., Inc.*, No. 19-cv-

24   02456-FMO-SP, 2021 WL 4556052, at *8 (C.D. Cal. June 25, 2021) (preliminarily approving TCPA

25   class action settlement in which each class member would receive approximately $46, less fees and

26   costs); *Odom v. ECA Mktg., Inc.*, No. 20-cv-00851-JGB-SHK, 2021 WL 4803488, at *3 (C.D. Cal. May

27   27, 2021) (preliminarily approving TCPA class action settlement in which each class member would

28   receive approximately $35).

As the amount requested in fees here is less than Class Counsel's actual lodestar, and all reasonableness factors would support an increase over the actual lodestar amount, the Court should find the fees requested reasonable and approve an award of $2,775,000 to Class Counsel for attorneys' fees and costs.

   **4.   A "percentage of the fund" cross-check confirms the reasonableness of Class Counsel's fee request.**

The amount of the Attorneys' Fees and Costs also passes muster under a percentage cross-check against the "constructive fund" of relief made available to the Settlement Class. *See Broomfield v. Craft Brew All., Inc.*, No. 17-cv-01027-BLF, 2020 WL 1972505, at *16 (N.D. Cal. Feb. 5, 2020) ("The constructive fund to conduct this cross-check may include settlement administration costs, litigation expenses, and the allotment for attorneys' fees in its valuation of a constructive fund for its percentage of recovery cross-check analysis because this is the 'total amount defendants were willing to spend to settle the case.'") (quoting *In re Bluetooth*, 654 F.3d at 945). Here, the "constructive fund" includes the $13,286,700 in total Cash Awards available to the Settlement Class,[5] the full amount of Notice and Administrative Costs, which the Settlement Administrator estimates will be between $168,360 and $176,811 (*see* ECF No. 277-3 ¶ 21), and the full amount of the Attorneys' Fees and Costs, $2,775,000, for a total of at least $16,230,060. Thus, the requested $2,775,000 for attorneys' fees and costs accounts for only 17.1% of the total constructive value of the Settlement, which is under the 25% benchmark and well within the range of reasonableness. *See Powers v. Eichen*, 229 F.3d 1249, 1256–57 (9th Cir. 2000); *see also Broomfield*, 2020 WL 1972505, at *16 ("Courts applying this method 'typically calculate 25% of the fund as the benchmark for a reasonable fee award, providing adequate explanation in the record of any special circumstances justifying a departure.'") (quoting *In re Bluetooth*, 654 F.3d at 942).

---

[5] This figure is calculated based on the $350 cash payment made available to each of the 37,962 class members. The total relief made available may be understated because, in cases where multiple users of the same telephone number received calls at issue and make claims, the Settlement Administrator may distribute more than one $350 Cash Award per telephone number in the Settlement Class. SA § 7.3.

## IV. Conclusion

For all of these reasons, Plaintiffs and Class Counsel respectfully request that the Court approve Service Awards to Ms. Mitchell and Mr. Kelly in the amount of $5,000 each, and approve an award of $2,775,000 to Class Counsel for attorneys' fees and expenses.


Date: June 1, 2022

**TYCKO & ZAVAREEI LLP**

By: */s/ Sabita J. Soneji*
Sabita J. Soneji (State Bar No. 224262)
*ssoneji@tzlegal.com*
1970 Broadway, Suite 1070
Oakland, California 94612
Telephone: (510) 254-6808

**TYCKO & ZAVAREEI LLP**
Hassan A. Zavareei (State Bar No. 181547)
*hzavareei@tzlegal.com*
Mark Clifford (*pro hac vice*)
*mclifford@tzlegal.com*
1828 L Street, Northwest, Suite 1000
Washington, District of Columbia 20036
Telephone: (202) 973-0900

**REESE LLP**
George V. Granade (State Bar No. 316050)
*ggranade@reesellp.com*
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070

**REESE LLP**
Michael R. Reese (State Bar No. 206773)
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500

**BAILEY & GLASSER LLP**
Brian A. Glasser (*pro hac vice*)
*bglasser@baileyglasser.com*
John W. Barrett (*pro hac vice*)
*jbarrett@baileyglasser.com*
209 Capitol Street
Charleston, West Virginia 25301
Telephone: (304) 345-6555

*Counsel for Plaintiffs and the Classes*